**LERDALL CONSTRUCTION COMPANY, INC., Appellant,**

v.

**CITY OF OSSIAN, Raymond Wenthold, Ronald Becker, Howard Bodensteiner, and Clem Blocker, both individually and in their official capacities as Mayor and Councilmen of the City of Ossian, Iowa, Appellees.**

No. 66059.

Supreme Court of Iowa.

April 21, 1982.

Carlton G. Salmons of Austin & Gaudineer, Des Moines, for appellant.

Robert H. Story of Anderson & Story, Cresco, for appellees.

Considered by LeGRAND, P. J., and HARRIS, ALLBEE, LARSON, and SCHULTZ, JJ.

ALLBEE, Justice.

Plaintiff construction company filed a petition seeking recovery for part of the cost of constructing a sanitary sewer system for defendant City of Ossian, Iowa. In addition to the city, the petition named as defendants the mayor and city councilmen, both individually and in their official capacities. The petition alleged that the city, by and through the mayor and councilmen, requested bids for replacement of the city's sanitary sewer system, which was to be a "public improvement" under Iowa statutes, and subsequently contracted with plaintiff to do the project; that defendants thereafter orally amended the contract to include additional work; that plaintiff performed as contracted; and that the city refused to pay $100,000 allegedly due and owing for the additional work. Plaintiff sought recovery under six legal theories, alleging that all defendants were liable jointly and severally under the first four: (1) breach of express contract; (2) breach of implied contract; (3) quantum meruit; (4) negligence by the city, its agents and its employees; (5) intentional tortious interference by the individual defendants with plaintiff's performance of its contract with the city; and (6) ratification and acquiescence by the city

of the intentional torts allegedly committed by the individual defendants.

The city separately filed an answer admitting the contract was a public improvement contract, but denying most other allegations. On the same date, the individual defendants filed a motion to dismiss the petition as to them, asserting that because plaintiff's action was based on its contract with the city, it stated a claim upon which relief could be granted against only the city and not the individual defendants. Trial court sustained, as to each count of the petition, the individual defendants' motion to dismiss. Plaintiff appeals from that order of dismissal.

At our direction, the parties have briefed the question of whether we have jurisdiction over this matter, either as an appeal of right under Iowa R.App.P. 1(a) or as an interlocutory appeal pursuant to Iowa R.App.P. 1(c) and 2. Upon consideration, we find that we do not have jurisdiction and that the appeal must therefore be dismissed.

## I. *Rule 1(a).*

Trial court's order sustaining the individual defendants' motion to dismiss became a "final adjudication in the trial court" under Iowa R.Civ.P. 86 when plaintiff failed to plead over within the time permitted by that rule.[1] *See McGuire v. City of Cedar Rapids,* 189 N.W.2d 592, 594, 596 (Iowa 1971). Under Iowa R.App.P. 1(a), two kinds of trial court orders are appealable as a matter of right: (1) "[a]ll final judgments and decisions," and (2) "any final adjudication in the district court under R.C.P. 86, *involving the merits or materially affecting the final decision.*" (Emphasis added.)

▮▮▮▮▮ As explained in *Goldstein v. Brandmeyer,* 243 Iowa 679, 684, 53 N.W.2d 268, 271 (1952), a final adjudication under

rule 86 "means [that] the particular point or question is settled so far as the *trial court* is concerned"; it does not necessarily mean that the adjudication is "final" for purposes of appeal. (Emphasis in original.) Nevertheless, the test for whether a rule 86 adjudication is appealable of right is not whether it is "final," but whether it "involv[es] the merits or materially affect[s] the final decision." Iowa R.App.P. 1(a). The comment to Iowa R.App.P. 1 provides the following explanation:

In 1945, the court amended former R.C.P. Rules 331 and 332 [now this Rule and R.A.P. No. 2] to make one exception to the ["finality"] dilemma. This involves one who stands on his pleadings under R.C.P. Rule 86, thus suffering a "final adjudication". If such adjudication involves the merits or materially affects the final decision, he may choose between appealing from it as a matter of right; or later assigning it as error on appeal from the later judgment. He has this choice, whether the ruling is "final" or not. He thus escapes the difficulties of "finality".

But as to such adjudications under R.C.P. Rule 86, this amendment revives the former difficulties of when an order "affected the merits" or the decision, which were abolished by the original Rules. The party affected by R.C.P. Rule 86 must now wrestle with them if he appeals at once under [rule 1(a) ]. He can avoid them by postponing his appeal. This is because [rules 1(b) and 2] always allow this adjudication to be assigned as error on appeal from a later judgment; regardless of whether R.C.P. Rule 86 has produced finality, or has affected the merits. Rule 86 adjudications are, then, reviewable on appeal from the later final judgment.

---

1. Iowa R.Civ.P. 86 states:

 If a party is required or permitted to plead further by an order or ruling, the clerk shall forthwith mail or deliver notice of such order or ruling to the attorneys of record.... Unless otherwise provided by order or ruling, such party shall file such further pleading within seven days after such mailing or delivery; and if such party fails to do so within such time, he thereby elects to stand on the record theretofore made. On such election, the ruling shall be deemed a final adjudication in the trial court without further judgment or order; reserving only such issues, if any, which remain undisposed of by such ruling and election.

5 *Iowa Rules Civ.Proc.Ann.*, appellate rule 1, at 113 (West 1978) (comment on appellate rule 1).

In *Forte v. Schlick*, 248 Iowa 1327, 1331, 85 N.W.2d 549, 552 (1957), it was noted that the phrase "involving the merits or materially affecting the final decision" in rule 1(a) "is the same as that in section 12823, paragraph 4, Code, 1939, and generally similar provisions in earlier Codes commencing with the Code of 1851, to the effect that appeals might be taken from 'An intermediate order involving the merits or materially affecting the final decision.'" The court went on to suggest that the corresponding language of rule 1(a) should be interpreted as it had been in cases decided under those pre-rule Code sections. The pre-rule interpretation is well stated in the following excerpt:

> To determine whether an intermediate order involves the merits or materially affects the final decision, we said in the *Dorman* case at page 1019 of 213 Iowa, page 438 of 241 N.W. [*Dorman v. Credit Reference & Reporting Co.*, 213 Iowa 1016, 241 N.W. 438], that the order should be tested by the following question: "Will the party aggrieved thereby be deprived of some right which cannot be protected by an appeal from the final judgment? . . . If the ruling or order complained of is inherent in the final judgment and may be presented on appeal therefrom, this is the procedure that must be followed."

*Commercial Credit Corp. v. Interstate Finance Corp.*, 233 Iowa 375, 377–78, 9 N.W.2d 369, 370–71 (1943).

■ Applying the foregoing test, we find that trial court's dismissal of the individual defendants does not deprive plaintiff of any right which cannot be protected by an appeal from the final judgment. If plaintiff fails to obtain a judgment against the remaining defendant, City of Ossian, plaintiff may challenge the propriety of the individual defendants' dismissal on an appeal from the final judgment in the city's favor.

Iowa R.App.P. 1(b); 5 *Iowa Rules Civ.Proc. Ann., supra*, at 113. Then, if an appellate court finds that the pre-trial dismissal was erroneous, plaintiff will have an opportunity, on remand, to try its case against the individual defendants.

Although we find that trial court's order of dismissal does not meet the test of "involving the merits or materially affecting the final decision," as explained above, we must also consider plaintiff's contention that the dismissal is appealable of right under the theory explained in *McGuire v. City of Cedar Rapids*, 189 N.W.2d at 595–98. *McGuire* dealt with a situation which apparently did not arise in any of the cases decided under the pre-rule Code provisions, namely, the complete dismissal of some but not all defendants from the lawsuit. *McGuire* held that where a plaintiff's claims against a dismissed defendant were "separable by some distinct line of demarcation" from the claims against the remaining defendant, the order of dismissal (which had become a rule 86 "final adjudication in the trial court") was one "involving the merits" and thus appealable of right under what is now rule 1(a). *Id.* at 597, 598. Under *McGuire*, the claims could be viewed as "separable" only if the liability of the dismissed defendant was "not dependent on, or intertwined with" that of the remaining defendant, or vice versa:

> In order to be severable, and therefore appealable, any determination of the issues settled by the judgment of dismissal must not affect the determination of the remaining issues, whether the judgment on appeal is reversed or affirmed, and the determination of the remaining issues must not affect the final determination of the issues between the plaintiffs and the dismissed defendants.

*Id.* at 597 (quoting *Attorney General v. Pomeroy*, 93 Utah 426, 462, 73 P.2d 1277, 1294 (1937)).

In the case at bar, we find no claim asserted against the individual defendants which does not affect or will not be affect-

ed by a determination of the issues involved in the claims against the city.[2] Therefore, this appeal does not come within the *McGuire* rule and is not appealable as a matter of right.

## II. *Rules 1(c) and 2.*

Having determined that this case is not appealable under rule 1(a), we must next decide whether an interlocutory appeal should be granted pursuant to Iowa R.App.P. 1(c) and 2. Under rule 2, we are permitted to grant such an appeal only upon a finding that trial court's order dismissing the individual defendants "involves substantial rights *and will materially affect the final decision* and that a determination of its correctness before trial on the merits will better serve the interests of justice." It has already been determined in Division I that the dismissal will not "materially affect the final decision" because if plaintiff fails to obtain a judgment against the city, plaintiff will then have an opportunity to ask an appellate court to reinstate the claims against the individual defendants, which can then be remanded for trial. On the other hand, if plaintiff does obtain a judgment against the city, or if the issues settled in the trial against the city would preclude recovery against the individual defendants, an appeal may be avoided entirely.[3]

Accordingly, we hold that we have no jurisdiction to hear this case, either as an appeal of right or as an interlocutory appeal.

APPEAL DISMISSED.

**2.** Plaintiff argues that its contract claims against the city are separable from those against the individual defendants because its theory of liability against the city is based on a valid contract, while its theory of liability against the individual defendants is based on their letting an illegal contract. Even if we were to assume that plaintiff adequately pleaded these claims of alternative liability, they would not be separable under the *McGuire* test: A determination of the contract's legality in the trial against the city will plainly affect plaintiff's case against the individual defendants.

**3.** It should be noted that a rule 86 adjudication can only be held nonappealable under rule 1(a) if the order does *not* "materially affect the final decision." Thus, whenever a rule 86 adjudication is properly found to be nonappealable under rule 1(a), the adjudication is also nonappealable under rule 2, which requires that the order "materially affect the final decision" in order to be capable of interlocutory review.