**BANCO MORTGAGE COMPANY,**
Appellee,

v.

**Danial J. STEIL and Sandra K. Steil, Appellants.**

No. 83–866.

Supreme Court of Iowa.

July 18, 1984.

Robert J. Hearity of O'Brien Law Firm, P.C., Oelwein, for appellants.

Robert C. Griffin of Gallagher, Langlas & Gallagher, P.C., Waterloo, for appellee.

William J. O'Keefe, Des Moines, for amicus curiae Veterans Admin.

CARTER, Justice.

The issue on appeal in this mortgage foreclosure action is whether the district court erred in a pre-decree declaratory ruling that the provisions of the mortgage instrument do not impose upon the plaintiff-mortgagee a waiver of its right to claim a deficiency judgment against the mortgagors following execution sale. For reasons which are set forth later in this opinion, we affirm that ruling.

The ruling of the district court from which appeal has been taken came in response to a motion filed in the foreclosure action by the defendants-mortgagors. In

the motion, they asserted that they had abandoned the mortgaged property, a residence in Oelwein, Iowa. They further asserted that as a result of their act of abandonment, two legal consequences automatically result with respect to the pending action to foreclose the mortgage: (1) the period of redemption from any execution sale of the mortgaged property is reduced to sixty days; and (2) the right of the mortgagors to claim a deficiency judgment against the mortgagee is automatically waived.

The applicable provisions of the mortgage read as follows:

10. It is further agreed that in the event of the foreclosure of this mortgage and sale of the property by sheriff's sale on special execution in said mortgage foreclosure proceedings, the time of one year for redemption from said sale provided by the statutes of the State of Iowa, shall be reduced to six months, provided the mortgagee waives in said foreclosure proceedings any rights to a deficiency judgment against the mortgagor(s) which may arise out of the foreclosure proceedings.

11. It is further agreed, under Chapter 628, Code 1966, as amended that in the event of such foreclosure, and in the event of the finding by court decree of such foreclosure that the real estate hereinabove set out has been abandoned by the owners and persons personally liable under the mortgage at the time of foreclosure, the period of redemption from foreclosure sale will be reduced to 60 ... days. In such event the mortgagee waives right to a deficiency judgment against the mortgagor or his successors in interest, subject to the other provisions of the above referenced law as amended.

For purposes of the district court's ruling on the mortgagors' motion, the parties stipulated that they had in fact abandoned the mortgaged property. At the time the motion was heard and determined by the district court, there had been no entry of judgment or decree of foreclosure, and no issue concerning the period of redemption had been presented to the court.

In ruling that there has not at this point been a waiver by the mortgagee of its right to a deficiency judgment following execution sale of the mortgaged property, the district court observed:

Paragraphs 10 and 11 of the mortgage, as well as the provisions of chapter 628.-26 and 628.27 of the Code of Iowa, provide that, if the mortgagee is to waive its right to deficiency judgment in a mortgage foreclosure proceeding, such waiver must be made in said foreclosure proceeding and not in any mortgage document.

The mortgagors contend on appeal that this ruling was in error. We consider that issue but only after examination of a jurisdictional question not argued by either party.

I. *Necessity of Allowing Permission to Appeal Under Iowa R.App.P. 1(c).*

■ The order which defendants have appealed was entered in response to a motion filed in the mortgage foreclosure action. Such order was clearly not a final judgment under Iowa Rule of Appellate Procedure 1(a). We have no jurisdiction to review it as such. We are empowered, however, under Iowa Rule of Appellate Procedure 1(c), to act upon an appeal improvidently taken from an interlocutory order by treating the papers as an application for permission to appeal in advance of a final judgment. *Lerdall Construction Co. v. City of Ossian,* 318 N.W.2d 172, 174–76 (Iowa 1982).

We have some concern that in the past our application of rule 1(c) has perhaps produced more appeals from interlocutory orders than would have been granted had permission to appeal been sought by the appellant at the outset under rule 2(a). Often the lack of finality does not become apparent to this court until the briefs of the parties have been filed and substantial time has already been consumed in the appeal process. Although dismissal of an appeal at this stage is, arguably, economic waste, permitting the appeal to continue

adds to the problem of piecemeal litigation and multiple appeals which the finality requirement is designed to prevent. We therefore must caution counsel for litigants who are dissatisfied with interlocutory rulings against relying on rule 1(c) as a means of avoiding the requirements of rule 2(a). We also invite appellees in such situations to file motions challenging the lack of finality at the earliest opportunity in order to avoid undue time and expense by the parties on an appeal which may ultimately be dismissed for lack of jurisdiction.

■■■ In *Lerdall*, 318 N.W.2d at 174–76, we made two determinations on the application of rules 1(a), 1(c) and 2(a). The first determination was that the test for granting permission to appeal under rule 1(c) is the same as that which has been applied under rule 2(a). We continue to adhere to this view. The second determination which we made in *Lerdall* was based on the decision in *Dorman v. Credit Reference & Reporting Co.*, 213 Iowa 1016, 1019, 241 N.W. 436, 438 (1932). In reliance on that decision, we indicated that if a particular ruling or order will inhere in the final judgment so as to be subject to challenge on appeal therefrom, no appeal in advance of final judgment may be allowed.

Upon reexamination, we conclude that the criteria for granting appeals in advance of final judgment, which we articulated in *Lerdall* and *Dorman*, are unduly rigid. In exceptional situations, the interest of sound and efficient judicial administration can best be served by allowing interlocutory orders to be appealed in advance of final judgment even if such orders will ultimately be reviewable on appeal from the final judgment in the case. These situations will usually involve a pretrial determination of a controlling issue of law as to which there is a substantial basis for a difference of opinion and immediate appellate resolution of the issue will materially advance the progress of the litigation. It is such situations which are made eligible for the granting of an interlocutory appeal in federal court litigation under 28 U.S.C. section 1292(b). *See generally* Bonner and Appler,

*Interlocutory Appeals and Mandamus,* Litigation, Autumn 1978 at 26–28.

We should emphasize that we are talking about exceptional cases. Our departure from the strict criteria of *Lerdall* and *Dorman* is in no way intended to temper the disfavor with which we view the granting of applications for interlocutory appeal. The substantial added cost and the attendant delay of up to a year or more should not be visited lightly upon the litigants or the court system. Only a small fraction of such applications are presently granted, and we predict that this opinion will not significantly change that practice.

■■■ The order from which appeal has been improvidently taken in the present case is the only issue which the appellants wish to litigate. It concerns post-decree remedies and will substantially govern the effect of the final judgment on both the parties and the mortgaged property. We accordingly grant permission to appeal from the said interlocutory order pursuant to rule 1(c).

II. *The Waiver Issue.*

■■■ The mortgagors urge that the district court was in error in holding that the mortgagee could only waive its right to claim a deficiency judgment in the foreclosure action and could not validly waive such right in the mortgage instrument itself. The mortgagors' contention is undoubtedly correct if the issue in the case is whether the right to a deficiency judgment may only be waived in the mortgage foreclosure action. As appellants' note, if supported by adequate consideration, an agreement by the parties prior to foreclosure that such right is waived, would be valid and enforceable. We believe, however, that this is not the issue in this case. The question which must be determined is what the parties did provide in the mortgage instrument rather than what they might have provided. When viewed in this light, we find that the district court's order is correct as of the time it was entered.

Although both parties and the district court have referred to paragraph 10 of the mortgage instrument, that clause relates to shortening the period of redemption under circumstances not involving abandonment of the property by the mortgagors. As such, it has no applicability to appellants' claim in the present case which focuses upon their act of abandonment. The language of paragraph 11, however, does speak of a waiver of the mortgagee's right to claim a deficiency judgment under circumstances involving a finding of abandonment by the court.

■ The mortgagors urge that paragraph 11 of the mortgage should be interpreted so that their act of abandonment automatically triggered a waiver of a mortgagee's right to a deficiency judgment. We must disagree with this contention. Under that paragraph, such waiver is not triggered by the act of abandonment but rather by a finding of abandonment made by the court in connection with a shortening of the redemption period to sixty days.

We have recognized that in a commercial transaction the determination of the meaning of a written instrument should be made in light of the situation of the parties and the subject matter of the transaction. *First National Bank of Creston v. Creston Implement Co.*, 340 N.W.2d 777, 781 (Iowa 1983); *Hamilton v. Wosepka*, 261 Iowa 299, 305–10, 154 N.W.2d 164, 167–69 (1967). Judged by these standards, we believe that paragraph 11 does no more than implement Iowa Code section 628.27.

Section 628.27 provides in part:

The mortgagor and the mortgagee of any tract of real property consisting of less than ten acres in size may also agree and provide in the mortgage instrument that the court in a decree of foreclosure may find affirmatively that the tract has been abandoned by the owners and those persons personally liable under the mortgage at the time of such foreclosure, and that should the court so find, and if the mortgagee shall waive any rights to a deficiency judgment against the mortgagor or his successors in interest in the foreclosure action, then the period of redemption after foreclosure shall be reduced to sixty days.

Paragraph 11 of the mortgage instrument makes the mortgagee's waiver "subject to the other provisions of the above referenced law." Section 628.27 conditions the shortening of the redemption period to sixty days upon an affirmative act of the mortgagee waiving "any rights to a deficiency judgment against the mortgagor or his successors in interest in the foreclosure action." There is nothing in the record to suggest that the mortgagee in the present case has acted in the required manner to reduce the period of redemption. The trial court's declaratory order correctly established the rights of the parties based upon the conditions shown to exist at the time such order was entered.

AFFIRMED.

All justices concur except REYNOLDSON, C.J., and HARRIS and McGIVERIN, JJ., who dissent from division II and the result.

HARRIS, Justice (dissenting).

I dissent from division II and the result. I think the mortgage instrument has plainly provided a waiver of any deficiency judgment.

This was an action brought in equity to foreclose a real estate mortgage and for *in personam* judgments against the mortgagors. In the same proceeding the trial court entered the declaratory judgment which is the subject of this appeal. In submitting the declaratory judgment question the parties stipulated the property had been abandoned. The trial court found, among other things, "[t]hat the defendants [mortgagors] abandoned mortgaged premises in February of 1983." The majority states that the "waiver is not triggered by the act of abandonment but rather by a finding of abandonment made by the court in connection with a shortening of the redemption period to sixty days." Whatever the borrowers' rights under the statute might be, it seems to me that the mortgage

instrument accords them a waiver of any deficiency upon the finding of abandonment.

A lending institution should not be permitted to escape the effect of language it places in a mortgage instrument. For this reason the law has placed a number of obstacles, in the form of rules of construction, designed to prevent just what Banco now contends. Banco's contention comes down to asserting that the statute prevents paragraph 11 from being construed in accordance with its evident meaning.

In *Freese Leasing, Inc. v. Union Trust & Savings Bank,* 253 N.W.2d 921, 924 (Iowa 1977), we said:

A mortgage is subject to the principles of interpretation and construction which govern contracts generally. These principles are designed to assist in identifying the intention of the parties. [Authority.] The object of interpretation is to learn the meaning of words used in the contract. The goal of construction is to determine the legal effect of those words. [Authority.]

In searching out that intent we should apply the rule that ambiguous language in a contract is strictly construed against the party which drafts or furnishes the instrument, unless the contract was prepared under scrutiny of legal counsel for both parties. *Kinney v. Capitol-Strauss, Inc.,* 207 N.W.2d 574, 577 (Iowa 1973). Here, the mortgage agreement was furnished by Banco and the veterans administration.

The provision should be read with borrower's glasses, not banker's. In *C & J Fertilizer, Inc. v. Allied Mutual Insurance Co.,* 227 N.W.2d 169, 172, 176 (Iowa 1975), we adopted the following rule:

Courts in construing and applying a standardized contract seek to effectuate the reasonable expectations of the average member of the public who accepts it.

The borrowers here, reading the instrument, could surely be expected to seek the adjudication of abandonment in the manner that they did. It does not seem reasonable to require that the application be brought in some other manner, or by some other party, as the majority now has in mind.

The parties argue the significance of the contrasting schemes set out in paragraph 10 and 11 of the mortgage. The trial court commented on these arguments. The majority, however, brushes aside the comparison, stating that only paragraph 11 is involved. I think the comparison of the two provisions cannot be so easily dismissed. Paragraph 10 implements Iowa Code section 628.26, which authorizes mortgage provisions in which the borrower accepts a redemption period reduced to six months and the lender waives the deficiency judgment.

Paragraph 11 was undoubtedly drawn with an eye to Iowa Code section 628.27, which authorizes further mortgage provisions to deal with situations when the property has been abandoned. The borrower accepts a redemption period reduced to sixty days and the lender waives any deficiency judgment.

I think it is most enlightening to contrast the language used in this mortgage to implement the two statutes. Paragraph 10 contemplates an intention to act within the foreclosure proceedings. It states:

It is further agreed that in the event of foreclosure ... said mortgage foreclosure proceedings ... shall be reduced to six months, provided the mortgagee waives *in said foreclosure proceedings* any rights to a deficiency judgment ....

(Emphasis added).

Paragraph 11 contains no similar language. It expresses an unconditional promise by which the mortgagee waives its right to a deficiency judgment in the event of a finding by the court in the foreclosure proceeding that the real estate has been abandoned. There has been that finding of abandonment. According to paragraph 11 the waiver of deficiency has already taken place.

The path taken around these construction principles is unwarranted. I would reverse.

REYNOLDSON, C.J., and McGIVERIN, J., join this dissent.