STATE of Iowa, Appellant,

v.

Brent O'DELL, Appellee.

No. 89–1636.

Supreme Court of Iowa.

June 20, 1990.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, and Thomas H. Miller, Asst. Attys. Gen., and Verd Bailey, County Atty., for appellant.

Joseph J. Hrvol and David E. Richter, Council Bluffs, for appellee.

HARRIS, Justice.

We granted the State permission to bring this interlocutory appeal to challenge a pretrial evidentiary ruling in a murder prosecution. The trial court suppressed inculpatory statements the defendant made to a witness who was an accessory to the charged offense. The witness induced the statements at the instance of the State. The trial court excluded them on sixth amendment grounds. We reverse and remand for further proceedings.

Dene Beal was shot and killed on a country road. Investigating state agents came to believe the victim's daughter, Lisa Beal, Lisa's friend Sharon Brinkley, and their mutual friend, Brent O'Dell, had conspired to kill Dene Beal. Brent O'Dell was believed to have fired the fatal shots.

Sharon Brinkley was questioned by state agents and thereafter signed an agreement. The State agreed to let Brinkley enter a plea to the reduced charge of conspiracy to commit murder (rather than first-degree murder). Brinkley agreed in return to undertake a conversation with O'Dell while wearing a microphone monitored by state agents. In this conversation Brinkley would attempt to elicit inculpatory statements from O'Dell. Brinkley did in fact succeed in having such a conversation. The conversation, which was monitored and tape recorded by state agents, is the subject of defendant's motion to suppress and the challenged trial court ruling.

After O'Dell was later charged with Beal's murder he filed a motion to suppress all evidence concerning the tape recorded conversation with Brinkley. The trial court sustained the motion, holding the State's conduct had violated O'Dell's sixth amendment right to counsel "by intentionally creating a situation where it was likely the accused would make incriminating statements," without giving O'Dell any prior advice that he was entitled to have an attorney present during such a conversation. We granted the State discretionary review to challenge the ruling.

I. Interlocutory matters, such as the order challenged here, ordinarily can be appealed only after final judgment. Permission to appeal interlocutory rulings or decisions in advance of final judgment must be obtained from this court. *See* Iowa Code § 814.5(2) (1989) (discretionary review in criminal matters); Iowa R.App.P. 2 (interlocutory appeal in civil matters). We consider a multitude of applications but grant them infrequently.

This is as it should be. An orderly trial process is obviously in the public interest, and it would be inimical to an orderly process for an appellate court to closely superintend the matters routinely dealt with in trial court. The "hands-on" governance of a trial should be conducted by a trial judge, not this court. Such a system has the advantage of both furthering a speedy conclusion of district court litigation and of reducing the number of appeals. *See Ruth & Clark, Inc. v. Emery,* 235 Iowa 131, 133, 15 N.W.2d 896, 898 (1944).

Defendant in this case challenges our acceptance of review of this interlocutory ruling, especially because permission was initially denied by a justice of this court. When applications to appeal in advance of final judgment are filed they are routed by our professional legal staff to a member of the court. Assignment of such matters for consideration is done on a rotating basis. A single justice is authorized to act for the court in certain motions and applications. Iowa R.App.P. 22(f). When the justice believes it would be helpful the matter may be set for oral submission at a later date. Most matters are considered on nonoral submission. Iowa rule of appellate procedure 22(f) expressly provides that the actions of a single justice may be reviewed by the court.[1]

Not infrequently the disappointed litigant seeks review of the action of a single justice. When this occurs our staff assigns the review to a panel of three justices. Again the three are selected on a rotating basis. The reviewing panel consists of three because three justices constitute a quorum of the court. Iowa Code § 602.4101(1). The reviewing panel of justices considers the submission anew and may either ratify the action of the single justice or disavow it in whole or in part. If the panel is not unanimous on the submission the matter is then considered and acted upon by the court en banc. In cases where the panel is unanimous we provide no en banc review. The single justice who initially acted on the matter does not serve on the panel, but both that justice and panel members take part if the matter receives en banc consideration.

As mentioned, under the foregoing procedure the State's application for permission to bring this interlocutory appeal was first considered and rejected by a single supreme court justice. The State's subsequent application to have that determination reviewed under rule 22(f) was considered by a panel of three justices. The panel unanimously agreed to grant permission.

Defendant assigns two errors to challenge the process. He first claims that the action of the single justice constituted a finding which should be set aside only on a showing of abuse of discretion. The assignment misapprehends the nature of our process. When review of the action of a single justice is sought the panel completely reconsiders the application *ab initio,* and the views of the single justice play no part in the panel decision.[2]

Defendant also contends that a panel of three does not qualify as "the court" under rule 22(f), that review should in all cases be undertaken by the court acting en banc. The contention overlooks the effect of Iowa Code section 602.4101(1).

Defendant's challenges to our acceptance of this appeal are without merit.

■ II. At the time of the challenged interview charges against O'Dell were undoubtedly seriously contemplated but had not been filed. We know from the nature and contents of the signed agreement with Brinkley that O'Dell was the prime suspect for the murder. The State doubtless felt the case could and should be made a good deal stronger because, prior to the recorded conversation, the State could offer only testimony of accomplices to the crime. The prosecution faces obvious problems when seeking convictions upon testimony of accomplices. Such testimony must be corroborated. Iowa R.Crim.P. 20(3). And the

---

1. A similar procedure is provided for ruling upon and reviewing orders in the court of appeals. *See* Iowa R.App.P. 22(g).

2. Similarly, whenever a matter requires en banc review, it is considered anew.

testimony of accomplices is suspect because it is generally thought to be unreliable. *State v. Cotton*, 240 Iowa 609, 641, 33 N.W.2d 880, 898 (1948).

Although the finger was already pointing at O'Dell, the State's case against him plainly called for strengthening before a charge was filed. The sixth amendment right to counsel does not attach at such a juncture. Charges, though likely to follow, had not been filed. O'Dell was not in custody, nor subject to any kind of restraint.

Authorities are clear that counsel must be provided to advise an accused from the time charges are filed. The United States Supreme Court has said that the sixth amendment right attaches at the time adversary judicial criminal proceedings are initiated against a person, whether by way of formal charge, arraignment, preliminary hearing, information or indictment. *Moran v. Burbine*, 475 U.S. 412, 428, 106 S.Ct. 1135, 1144, 89 L.Ed.2d 410, 425–26 (1986); *Brewer v. Williams*, 430 U.S. 387, 398, 97 S.Ct. 1232, 1239, 51 L.Ed.2d 424, 436 (1977); *Kirby v. Illinois*, 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411, 417 (1972). Our cases are in accord. *State v. Nelsen*, 390 N.W.2d 589, 592 (Iowa 1986); *State v. Jackson*, 380 N.W.2d 420, 423–24 (Iowa 1986); *State v. Johnson*, 318 N.W.2d 417, 434–35 (Iowa), *cert. denied*, 459 U.S. 848, 103 S.Ct. 106, 74 L.Ed.2d 95 (1982).

We in no way intimate that a sixth amendment right to counsel can never arise without the formal filing of charges. The cases just cited make it clear that an accused is entitled to counsel prior to but pending the formal filing of planned charges when questioned while in custody or subject to restraint. This is where it appears that the decision to formally file charges has already been made, and the purpose of the interrogation is to gather evidence from an accused in custody. Such is not the situation here. O'Dell was not in custody and certainly had no reason to feel restrained when Brinkley questioned him.

It is clear that O'Dell's *Miranda* rights against compulsory self-incrimination under the fifth and fourteenth amendments were not violated. *See Miranda v. Ari-* zona, 384 U.S. 436, 478, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694, 726 (1966). After this appeal was submitted the United States Supreme Court again delineated the limitations of *Miranda*. *Illinois v. Perkins*, — U.S. —, 110 S.Ct. 2394, 110 L.Ed.2d 243 (1990), is especially strong authority for admitting O'Dell's inculpatory statements because, unlike O'Dell, Perkins was incarcerated when he unwittingly made them. The statements were volunteered to a cellmate, one of whom was a law enforcement officer who led Perkins to believe he was a fellow prisoner. In reversing a state court determination which excluded the statements on the basis of *Miranda*, the court stated:

It is the premise of *Miranda* that the danger of coercion results from the interaction of custody and official interrogation.

. . . .

*Miranda* forbids coercion, not mere strategic deception by taking advantage of a suspect's misplaced trust in one he supposes to be a fellow prisoner. As we recognized in *Miranda*, "[c]onfessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence."

*Perkins* at —, 110 S.Ct. at 2397, 110 L.Ed.2d 243, — (citations omitted).

It was error for the trial court to suppress the contents of O'Dell's statement to Brinkley. The order is reversed, and the case is remanded for further proceedings in conformance with this opinion.

REVERSED AND REMANDED.

All Justices concur except LARSON, J., who takes no part.