# IN THE COURT OF APPEALS OF IOWA

No. 16-1302
Filed April 5, 2017

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**ALLISON MIRANDA HEDGEPETH,**
          Defendant-Appellant.
_____

          Appeal from the Iowa District Court for Scott County, Christine Dalton Ploof, District Associate Judge.

          Allison Hedgepeth appeals from a restitution order conditionally requiring her to reimburse a victim. **APPEAL DISMISSED.**

          Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

          Thomas J. Miller, Attorney General, and Kevin Cmelik and Kristin Guddall (until withdrawal), Assistant Attorneys General, for appellee State.

          Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

We must decide whether we have a basis for reviewing a criminal restitution order.

## I.     *Background Proceedings*

The State charged Allison Hedgepeth with assault causing bodily injury in connection with an altercation at a bar in which another woman's nose was broken.  Hedgepeth pled guilty to disorderly conduct in violation of Iowa Code Section 723.4(1) (2015).[1]  The district court placed Hedgepeth on unsupervised probation and ordered her to pay victim restitution in an amount to be determined at a subsequent hearing.

The woman whose nose was broken filed a victim impact statement asserting she was self-conscious about her "disfigured nose" and the incident "rearranged [her] face."  The woman said she desired rhinoplasty surgery, which her insurance would not cover.  She provided a cost estimate of $5400.  The estimate did "not include the cost of lab work, medications, tests, garments or prescriptions necessary for surgery or additional procedures/surgeries for revisions or complications."  The woman conceded the procedure was not medically necessary and conceded she had yet to schedule the surgery.

At the conclusion of the restitution hearing, the district court expressed concern "about the fact we don't know what the cost is going to be."  The court noted "that it could be 5400," but "[i]t could be more" or "less."  The court filed a restitution order stating Hedgepeth would have to reimburse the woman "up to

---

[1] This provision classifies the following conduct as a simple misdemeanor: when a person "[e]ngages in fighting or violent behavior in any public place or in or near any lawful assembly of persons."

$5400.00 for damage to her nose," but because the woman might "choose not to have the surgery done and the actual cost is unknown," the money would "be held in trust for" her benefit.

Hedgepeth filed a notice of appeal. She asserted, "in good faith, that this appeal meets jurisdictional requirements and is from a final ruling . . . ." We begin and end with this assertion.

## II. Viability of Appeal

"Only a judgment that is final may be appealed as a matter of right." *River Excursions, Inc. v. City of Davenport*, 359 N.W.2d 475, 477 (Iowa 1984) (citation omitted); *accord* Iowa R. App. P. 6.103(1). "A ruling is not final when the trial court intends to act further on the case before signifying its final adjudication of the issues." *River Excursions*, 359 N.W.2d at 477. "Even though neither party has questioned our jurisdiction to hear and decide this case, we will sua sponte dismiss an appeal that is neither authorized by our rules nor permitted by court order." *Id.* (citations omitted).

"Generally, a restitution order is only appealable when the amount of restitution has been determined *completely*." *State v. Alexander*, No. 16-0669, 2017 WL 510950, at *2 (Iowa Ct. App. Feb. 8, 2017) (emphasis added); *accord State v. Jackson*, 601 N.W.2d 354, 357 (Iowa 1999) (declining to consider an appeal of a restitution order where plan of restitution was incomplete upon filing of notice of appeal); *State v. Swartz*, 601 N.W.2d 348, 354 (Iowa 1999) (same).

The district court's restitution order stated Hedgepeth would reimburse the woman "up to $5400.00" but stated "the actual cost is unknown." On its face, the

order failed to resolve the restitution amount completely. The order was not final, and a notice of appeal was premature.

We acknowledge "[j]udgments and orders that are not final may be appealed" with permission of the court by filing an application for interlocutory appeal. *River Excursions*, 359 N.W.2d at 477; *see* Iowa R. App. P. 6.104(1)(a). We may treat a notice of appeal as an application for interlocutory appeal. Iowa R. App. P. 6.108; *see, e.g.*, *In re Marriage of Graziano*, 573 N.W.2d 598, 599 (Iowa 1998).

Even if we were to treat the notice of appeal in this case as an application for interlocutory appeal, a factor militating against granting the application is the plainly interlocutory nature of the restitution order. *See Graziano*, 573 N.W.2d at 600 (examining whether the finality of the order was a close question). In addition, the restitution statute allows a defendant to seek a modification of the restitution plan or plan of payment "at any time prior to the expiration of" the sentence. Iowa Code § 910.7(1), (2). This provision affords Hedgepeth a means of challenging the complete restitution order if and when it is issued. For these reasons, we conclude "[t]he question of finality . . . is not at all close" and an interlocutory appeal is inappropriate. *Graziano*, 573 N.W.2d at 600; *see Jackson*, 601 N.W.2d at 357 (noting "Iowa Code section 910.7 permits an offender who is dissatisfied with the amount of restitution required by the plan to petition the district court for a modification" and, "[u]nless that remedy has been exhausted," there is no basis for appellate review); *see also Swartz*, 601 N.W.2d at 354 (same).

Having found no basis for considering this appeal of a non-final order, we dismiss the appeal.

**APPEAL DISMISSED.**