RIVER EXCURSIONS, INC., Appellee,

v.

CITY OF DAVENPORT, Iowa and Davenport Levee Improvement Commission, Appellants.

No. 83–1449.

Supreme Court of Iowa.

Dec. 19, 1984.

Michael J. Meloy, City Atty., for appellants.

John J. Carlin, Davenport, for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

WOLLE, Justice.

This appeal from the trial court's entry of partial summary judgment presents a threshold question of appellate jurisdiction. In partially sustaining plaintiff's motion for summary judgment the trial court held that plaintiff was entitled to specific performance of a three-year option in its lease. It reserved for trial, however, the determination of what new terms the renewed lease would contain. We find that the trial court's ruling was not a final judgment for purposes of appeal, and we decline to permit an interlocutory appeal. We therefore dismiss this appeal.

Plaintiff has been using dock facilities furnished by the defendants in the operation of its excursion service on the Mississippi River. Plaintiff's three-year written lease with the defendants expired on March 31, 1983, but a renewal clause provided:

> The commission further grants you an option to renew the lease for an additional three years at new rental rates and terms and upon payment similar to that which is described above, subject to all the conditions of this agreement.

Plaintiff brought this action for specific performance of the renewal option. Defendants answered that the lease was too vague and indefinite to be enforced. After both parties submitted motions for summary judgment, the trial court entered a partial summary judgment finding that plaintiff had a right to specific performance of the option agreement. The court, however, did not decide all of the issues presented by the parties' motions. It did not rule on plaintiff's request for attorney fees. Moreover, it reserved for trial any determination of what the new rental rates and terms would be, stating:

The court finds as a matter of law that the only material issue in controversy is the "new rental rates and terms" to be incorporated into the renewal lease and that if plaintiff, as the option grantee, proposes new rental rates and terms that the defendant finds unreasonable, then that issue shall be tried to the court.

Defendants filed a notice of appeal from the trial court's entry of partial summary judgment, and neither party requested that we permit an interlocutory appeal.

■ Even though neither party has questioned our jurisdiction to hear and decide this case, we will sua sponte dismiss an appeal that is neither authorized by our rules nor permitted by court order. *Qualley v. Chrysler Credit Corp.*, 261 N.W.2d 466, 468 (Iowa 1978); *Mid-Continent Refrigerator Co. v. Harris*, 248 N.W.2d 145, 146 (Iowa 1976). It matters not that plaintiff filed no motion to dismiss the appeal as it might have under Iowa Rule of Appellate Procedure 23(a).

Only a judgment that is final may be appealed as a matter of right. Iowa R.App.P. 1(a). Judgments and orders that are not final may be appealed only if permission is granted by this court. Iowa R.App.P. 1(c), 2. We therefore must examine the trial court's ruling and the entire record to determine whether this appeal should now be decided either as an appeal of right or as a permitted interlocutory appeal.

## I. *Finality of District Court Ruling.*

■ Ordinarily a summary judgment that is not dispositive of the entire case is not a final judgment for purposes of appeal. *Mid-Continent Refrigerator Co. v. Harris*, 248 N.W.2d at 146. A ruling is not final when the trial court intends to act further on the case before signifying its final adjudication of the issues. *Flynn v. Lucas County Memorial Hospital*, 203 N.W.2d 613, 614–15 (Iowa 1973). That was certainly true here. The trial court explicitly recognized that new terms of the lease were genuinely in dispute and would need to be decided after a trial to the court

unless the defendants would agree to the new terms plaintiff was directed to submit to them before trial.

■ In exceptional cases there may be more than one final order, as when an interim judgment or order finally settles the relative rights of the parties and leaves only practical details of equitable relief to be worked out. *See, e.g., Rowen v. LeMars Mutual Insurance Co.*, 357 N.W.2d 579, 581 (Iowa 1984); *Green v. Advance Homes, Inc.*, 293 N.W.2d 204, 207 (Iowa 1980). This is not such a case. The relative rights of the parties under the renewed lease here in question cannot yet meaningfully be ascertained. Finality here must await a determination of the new terms of the lease, fixed either following trial or by a judgment recognizing that defendants have accepted the terms plaintiff is directed to propose.

Defendants had no right to appeal, because the trial court's ruling granting partial summary judgment was not final within the meaning of Iowa Rule of Appellate Procedure 1.

## II. *Should Interlocutory Appeal be Permitted?*

■ We have recognized that in a small fraction of cases the parties may reasonably mistake an interlocutory ruling for a final order and fail to request permission to appeal. To cover such situations Iowa Rule of Appellate Procedure 1(c) provides:

If an appeal to the supreme court is improvidently taken because the order from which appeal is taken is interlocutory, this alone shall not be ground for dismissal. The papers upon which the appeal was taken shall be regarded and acted upon as an application for interlocutory appeal under rule 2, rules of appellate procedure, as if duly presented to the supreme court at the time the appeal was taken.

We have recently cautioned, however, that rule 1(c) should rarely be invoked since it incorporates the rule 2(a) standards for determining when interlocutory appeal should

be permitted. Rule 2(a) provides in pertinent part:

> Such appeal may be granted ... on finding that such ruling or decision involves substantial rights and will materially affect the final decision and that a determination of its correctness before trial on the merits will better serve the interests of justice.

Applying those standards we decline to permit interlocutory appeal from the trial court's entry of partial summary judgment.

■ We need not decide whether the trial court's decision meets the first two criteria, "involves substantial rights" and "will materially affect the final decision." The ruling on summary judgment matters does not meet the final test, "a determination of its correctness before trial on the merits will better serve the interests of justice." Iowa R.App.P. 2(a). We permit interlocutory appeals only sparingly. *Knauss v. City of Des Moines,* 357 N.W.2d 573, 576 (Iowa 1984); *see Banco Mortgage Co. v. Steil,* 351 N.W.2d 784, 787 (Iowa 1984) (explaining why we view with "disfavor" applications for interlocutory appeal). The party seeking to appeal at an early stage of the district court proceedings has the heavy burden to show that the likely benefit to be derived from early appellate review outweighs the likely detriment and therefore satisfies the requirement that the interests of justice be better served. Time and expense of a trial may sometimes be avoided if a trial court has erroneously failed to terminate the action on motion to dismiss or for summary judgment. Often, however, a case may simply not yet be ripe for appellate review. In the usual case, allowance of an interlocutory appeal is likely to increase the cost of litigation and delay the entry of a final judgment. It may even be followed by a second appeal once final judgment has been entered.

The record in this case does not satisfy the benefit-detriment standard. On balance, the interests of justice would better have been served had the parties proceeded to final judgment before engaging the costly and time consuming appellate process.

If before filing a notice of appeal the defendants had first considered new lease terms which plaintiff was directed to propose, the parties might have found the terms entirely satisfactory. If the parties had disagreed concerning new lease terms, the lease fixed by the court following trial might have satisfied the defendants, or perhaps caused the plaintiff to change its mind about exercising the three-year option to renew. Either way, the parties would have fully understood their relative rights before seeking appellate review. The possibility of fragmented appeals—one interlocutory, a second taken from the final judgment—should be avoided whenever possible.

■ We do not apply less stringent standards to the granting of interlocutory appeals when an appellant belatedly seeks permission under rule 1(c) than when permission is properly requested at the outset under rule 2(a). Such a policy would reward those who evade the rules governing interlocutory appeals and penalize those who follow them. We recognize that the delay and litigation expense brought about by defendants' appeal have already had an adverse impact on the parties. The parties and their counsel have only themselves to blame for that cost in time and money. Defendants should have complied with rule 2(a) by initially applying for permission to take an interlocutory appeal. Plaintiff could have moved to dismiss the appeal immediately after defendants' notice of appeal was filed. Iowa R.App.P. 23(a); *see Banco Mortgage Co. v. Steil,* 351 N.W.2d at 787 (inviting appellees to challenge lack of finality by motions to dismiss). We repeat the caution both Iowa appellate courts have given concerning the purview of Iowa Rule of Appellate Procedure 1(c):

> Because interlocutory review is granted very sparingly, no party should take an appeal as of right from an interlocutory order in the hope it will be saved from dismissal by application of rule 1(c).

*Rowen v. LeMars Mutual Insurance Company,* 357 N.W.2d at 581.

Application for appeals of interlocutory decisions or rulings should be taken pursuant to Iowa Rule of Appellate Procedure 2. Attempts to use Iowa Rule of Appellate Procedure 1(c) to avoid applying for permission to take an interlocutory appeal are improper.

*Hitachi Sales Corp. v. Commercial Trust & Savings Bank,* 342 N.W.2d 889, 891 (Iowa Ct.App.1983).

Defendants had no right of appeal from the trial court's grant of a partial summary judgment, and they have not shown that allowance of an appeal from that interlocutory ruling would better serve the interests of justice, one of the criteria of rule 1(c).

APPEAL DISMISSED.