**MASON CITY PRODUCTION CREDIT ASSOCIATION, Appellee,**

v.

**Kenneth VAN DUZER, Sharon Van Duzer a/k/a Sharon M. Van Duzer, Ris-Van Farms, Ltd., Kenneth Van Duzer d/b/a Van Duzer Farms, Appellants,**

**and Brakke & Woollums Imp., Inc., United States of America, Circle H Implement, Inc., John Deere Company, Land O'Lakes, Inc., LOL Finance Co., and the Travelers Insurance Company, Defendants.**

No. 84–1274.

Supreme Court of Iowa.

Nov. 13, 1985.

Peter C. Riley, Cedar Rapids, for Kenneth and Sharon Van Duzer.

James M. Stanton of Boyle, Schuler, Stanton, Grabinski & Sorensen, Clear Lake, for Ris-Van Farms, Ltd.

Robert S. Swanson of Winston, Reuber & Swanson, Mason City, and Emil Trott, Jr., and Griff Wodtke of Barrett & Trott, Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, SCHULTZ, and WOLLE, JJ.

WOLLE, Justice.

Plaintiff brought this action in equity to obtain judgment on several promissory notes and to foreclose the collateral pledged to secure them. The debtor defendants Kenneth and Sharon Van Duzer and Ris-Van Farms, Ltd. (hereinafter collectively referred to as defendants) raised a variety of defenses in their answers, and Kenneth and Sharon also attempted to assert counterclaims alleging that plaintiff tortiously damaged them. The district court denied leave to file the counterclaims and entered partial summary judgment for plaintiff on several notes, leaving for trial numerous issues involving all parties. Defendants have not received permission to appeal from interlocutory rulings; they ask us either to treat the rulings as final, or to grant permission to appeal at this time. We dismiss the appeal as improvidently taken from rulings which were interlocutory, not final.

Because we must dispose of this case solely on a question of appellate jurisdiction, a brief factual background will suffice. For several years the defendants had been borrowing large sums of money from plaintiff for use in their several farming operations. Kenneth and Sharon Van Duzer owned and operated about 1400 acres of farmland in their own names, while their family farming corporation Ris-Van separately conducted farming operations on about the same number of acres. On April 29, 1982, Kenneth and Sharon allegedly signed a series of promissory notes, with Kenneth signing both in his own name and as president and secretary of Ris-Van. Plaintiff considered the Van Duzers to be primary obligors, with Ris-Van secondarily liable, on some of the notes, but their roles as primary and secondary obligors were reversed on other notes. The notes were secured by various land mortgages and security agreements.

Plaintiff filed a motion for summary judgment, showing by affidavits that the notes were in default and requesting summary judgment on the notes and foreclosure of the collateral. The Van Duzers and Ris-Van vigorously resisted plaintiff's motion for summary judgment, raising numerous legal and factual questions: whether Kenneth had authority to execute the notes for Ris-Van; whether Kenneth had been mentally competent to sign the notes; whether Sharon had signed them at all; whether plaintiff had properly allocated credits to one note or another; and whether defendants were improperly coerced into purchasing one farm and executing documents in connection with that transaction. The summary judgment court granted plaintiff partial summary judgments on several notes but left open for trial on the merits issues involving all named defendants. Included among the issues left for trial and final disposition were the following:

1. The extent of Ris-Van's liability beyond $98,815.55 on two of the notes.

2. The extent of the Van Duzers' secondary liability on those two notes.

3. Whether Kenneth was jointly liable with Sharon on two other notes.

4. The enforceability and foreclosure of notes and mortgages involved in the farm purchase transaction involving Kenneth and Sharon.

5. Whether plaintiff properly allocated to each of the notes payments made by defendants and other credits.

6. What should be the terms of an appropriate decree foreclosing the mortgages and security agreements which secured the several notes.

To summarize, all issues concerning foreclosure of the collateral have yet to be addressed by the district court; issues remain to be tried on every single note; and all parties remain in the case on one or more issues which must yet be resolved.

I. *Finality of the Partial Summary Judgments.*

■ Plaintiff contends the appeal should be dismissed because no final judgment or order has yet been entered. A party may appeal as of right only from a final order or judgment; a party seeking to appeal an interlocutory order must obtain permission

of the appellate court. *See Rowen v. Le-Mars Mutual Insurance Co. of Iowa*, 357 N.W.2d 579, 581 (Iowa 1984); Iowa R.App.P. 1, 2.

■ Defendants point out that when a judgment or order disposes of less than the entire case, it may still be deemed final for purposes of appeal if it completely disposes of one or more claims which are distinct and separable from the undecided claims. *McGuire v. City of Cedar Rapids*, 189 N.W.2d 592, 596–97 (Iowa 1971). This case, however, is not like *McGuire* which explained and applied that separability exception. In *McGuire*, the plaintiff had asserted causes of action against the city of Cedar Rapids and a contractor and engineer on a construction project, and the trial court had granted summary judgment to the city on the ground of governmental immunity. We held that the judgment for the city was final for purposes of appeal because it was based on a different theory than issues affecting other defendants; and we concluded that the issues involving the other defendants would neither affect nor be affected by the issue appealed. *Id.* at 596–98.

Here, in contrast, the issues resolved by partial summary judgments are inextricably entwined with unresolved issues. There is no sharp line of demarcation between the adjudged liability of some defendants on some notes and the alleged liability of other defendants on those same notes. Moreover, the terms which will be included in an appropriate decree of foreclosure will depend on which defendants are liable, whether their liability is primary or secondary on each note, and what credits should be allocated to each note.

This case is more akin to *Shoemaker v. City of Muscatine*, 275 N.W.2d 206 (Iowa 1979), where we held interlocutory and not final the dismissal of two divisions of a civil claim, which left for trial two divisions alleging different theories. We there distinguished *McGuire*, stating:

The result in *McGuire* depended upon the fact that there were two defendants whose interests were severable. Thus

dismissal of one defendant could have no effect on the other.... It was this independent basis of liability against each defendant which provided the "distinct line of demarcation" ... which rendered the causes of action against each defendant separable from those against the other.

*Id.* at 208. This case also resembles *Lerdall Construction Co. v. City of Ossian*, 318 N.W.2d 172 (Iowa 1982), where we found a summary judgment as to some but not all defendants did not present issues separable and appealable, because the liability of a defendant left in the case was based on a similar theory. We there said:

In the case at bar, we find no claim asserted against the individual defendants which does not affect or will not be affected by a determination of the issues involved in the claims against the city. Therefore, this appeal does not come within the *McGuire* rule and is not appealable as a matter of right.

318 N.W.2d at 175–76.

The issues decided by partial summary judgment are not final and ripe for appeal as a matter of right because they are not separable from the issues which remain to be decided in the district court.

■ Defendants also contend that the issues disposed of by summary judgment have been put beyond the power of the court to correct, therefore the partial summary judgments are final and appealable. We disagree because this is not like cases in which an interlocutory ruling required transfer of property to a non-party, terminating the district court's ability to correct a ruling and return the parties to their original position. *See, e.g., Lyon v. Willie*, 288 N.W.2d 884, 886–87 (Iowa 1980); *Johnson v. Johnson*, 188 N.W.2d 288, 293 (Iowa 1971). Until trial in this equity action is completed and a final order or decree rendered, the trial court will have the power to correct any of the rulings, orders, or partial summary judgments it has already entered. *See Davenport Bank & Trust Co. v. City of Davenport*, 318 N.W.2d 451, 455 (Iowa

1982) (court could set aside default entry at any time before final judgment); *Mid-Continent Refrigerator Co. v. Harris*, 248 N.W.2d 145, 146 (Iowa 1976) (summary judgment on plaintiff's claim not "finally decisive of the case" or "beyond the power of the court" because counterclaim left open).

Defendants had no right to appeal from the partial summary judgments entered by the district court.

## II. *Should Permission to Appeal be Granted.*

Defendants request in the alternative that we permit them to proceed with this appeal pursuant to Iowa Rules of Civil Procedure 1(c) and 2(a). Rule 1(c) provides:

> If an appeal to the supreme court is improvidently taken because the order from which appeal is taken is interlocutory, this alone shall not be ground for dismissal. The papers upon which the appeal was taken shall be regarded and acted upon as an application for interlocutory appeal under rule 2, rules of appellate procedure, as if duly presented to the supreme court at the time the appeal was taken.

Rule 2(a) states that an interlocutory appeal from a ruling may be granted

> on finding that such ruling or decision involves substantial rights and will materially affect the final decision and that a determination of its correctness before trial on the merits will better serve the interests of justice.

Those rules of appellate procedure do provide us the authority to grant permission for this appeal, but our court has traditionally been parsimonious about allowing interlocutory appeals. *See Dorman v. Credit Reference & Reporting Co.*, 213 Iowa 1016, 1025, 241 N.W. 436, 441 (1932) ("It is not the policy of the law to permit either party to a controversy to prolong litigation or delay the course of justice by prosecuting an appeal from every interlocutory ruling or order of the trial court."). Moreover, in recent cases, we have emphasized the disadvantages of piecemeal appeals and

cautioned that we view with disfavor applications for permission to appeal under rule 1(c).

Granting an appeal in *Banco Mortgage Co. v. Steil*, 351 N.W.2d 784, 787 (Iowa 1984), we explained:

> In exceptional situations, the interest of sound and efficient judicial administration can best be served by allowing interlocutory orders to be appealed in advance of final judgment even if such orders will ultimately be reviewable on appeal from the final judgment in the case....

We should emphasize that we are talking about exceptional cases. Our departure from the strict criteria of *Lerdall* [318 N.W.2d at 174–76] and *Dorman* [213 Iowa at 1019, 241 N.W. at 438] is in no way intended to temper the disfavor with which we view the granting of applications for interlocutory appeal. The substantial added cost and the attendant delay of up to a year or more should not be visited lightly upon the litigants or the court system. Only a small fraction of such applications are presently granted, and we predict that this opinion will not significantly change that practice.

Thereafter, in *River Excursions, Inc. v. City of Davenport*, 359 N.W.2d 475, 477–78 (Iowa 1984), we denied a rule 1(c) application for permission to appeal and reemphasized how exceptional a case must be to qualify for interlocutory appeal under that rule, quoting warnings to that effect in two recent cases: *Rowen v. LeMars Mutual Insurance Company*, 357 N.W.2d at 581; and *Hitachi Sales Corp. v. Commercial Trust & Savings Bank*, 342 N.W.2d 889, 891 (Iowa Ct.App.1983).

■ These defendants should have heeded those warnings. We deny their application to proceed with this interlocutory appeal from the entry of partial summary judgments because it does not meet the requirements of rule 2(a). Defendants have not satisfied us that the interests of justice would better be served by an immediate appellate determination of the correctness of the partial summary judgments, than will be accomplished if a final

judgment and decree, together with all intermediate rulings inhering therein, are appealed when the district court proceedings are at an end. Even if we were to grant and decide this interlocutory appeal, we might well have to decide one or more later appeals of issues not yet addressed by the district court. Piecemeal appeals often contribute little more to the judicial process than additional expense and delay. *See River Excursions,* 359 N.W.2d at 478; *Shoemaker,* 275 N.W.2d at 209; *McGuire,* 189 N.W.2d at 595–96.

■ There is an additional reason why we deny defendants' request to appeal from the trial court's refusal to permit their counterclaim. More than a year ago defendants applied for permission to appeal from that ruling, and a judge of this court denied that request in accordance with Iowa Rule of Appellate Procedure 2. Defendants chose not to have the court review that single-judge ruling, a review available pursuant to Iowa Rule of Appellate Procedure 22(f). We will not allow defendants to evade the spirit and purpose of our appellate rules by proceeding with an interlocutory appeal in the teeth of an order refusing such an appeal.

■ Our dismissal of this appeal does not deprive the defendants or any other party of any right which is not protected by an appeal from the final judgment and decree which the trial court eventually may enter. Appeal from the final decree will present for review all rulings inhering in that decision. *See Lerdall,* 318 N.W.2d at 175; Mid-*Continent Refrigerator Co.,* 248 N.W.2d at 148. Iowa Rule of Appellate Procedure 1(b) specifically provides:

> No error in such interlocutory ruling or decision is waived by pleading over or proceeding to trial. On appeal from the final judgment, appellant may assign as error such interlocutory ruling or decision or any final adjudication in the trial court under R.C.P. 86, from which no appeal has been taken, where such ruling, decision or final adjudication is shown to have substantially affected the rights of the complaining party.

■ One final contention of defendants deserves comment. After the entry of partial summary judgment, plaintiff undertook efforts to enforce the judgments by having a general execution issue against the defendants and causing a debtor's examination of Sharon to be conducted. Defendants argue that we should treat the partial summary judgment as final or permit an interlocutory appeal because plaintiff has undertaken those enforcement efforts as though the judgment was final. Defendants, however, did not ask the trial court to stay all enforcement proceedings, and they have not specifically requested in this interlocutory appeal that we reverse the order permitting a debtor's examination. Defendants could have requested and now on remand may request that the trial court stay further enforcement proceedings until entry of a final decree. We have frequently pointed out that when a summary judgment does not dispose of all issues in the case, the summary judgment court should use an appropriate procedural device to protect the judgment debtor against execution until all issues have been adjudicated. *See, e.g., Farmers Cooperative Elevator Co. v. Knapp,* 259 N.W.2d 762, 764 (Iowa 1978); *Farm Service Co. v. Askeland,* 169 N.W.2d 559, 560 (Iowa 1969).

Defendants' appeal is interlocutory and premature.

APPEAL DISMISSED.