Gilbert VAN DUSSELDORP, Appellee,

v.

STATE BANK OF BUSSEY, Appellant,

and

Wesley G. Vos; Sandra K. Vos; Metropolitan Life Insurance Co.; Donald L. Vos; Robert Eugene Vos; Dorothy M. DeJong; Dean Wayne Vos; Richard Veenstra; and Marion County, Iowa, Defendants.

No. 86–76.

Supreme Court of Iowa.

Nov. 12, 1986.

David A. Johnson and Gayle Nelson Vogel of Johnson, Jordan & Lane, Knoxville, for appellant.

Garold F. Heslinga, Oskaloosa, for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, SCHULTZ, and CARTER, JJ.

CARTER, Justice.

Defendant bank, who was joined as an alleged junior lienor in a mortgage foreclosure action brought by plaintiff, Gilbert Van Dusseldorp, appeals from the district court's determination that a mortgage instrument executed in its favor by defendants, Wesley G. Vos and Sandra K. Vos, does not secure any present indebtedness owed to the bank by the Voses. Because we find and conclude that the mortgage executed in favor of the bank does secure a certain indebtedness owed to it and is prior to the plaintiff's mortgage with respect to that sum, we reverse the district court's order fixing priority of liens.[1]

Both the defendant, State Bank of Bussey, and the plaintiff, Gilbert Van Dusseldorp, claim to have mortgages on the same three parcels of farm real estate located in Marion County, Iowa. It appears without dispute that the priority of both of these

---

1. Although the holders of the vendors' lien, the Metropolitan Life Insurance Co. mortgage, plaintiff's mortgage, and the bank's mortgage all pray for judgment and decree foreclosing their respective security interests, no decree of foreclosure has been entered as to any of these claims. A receivership of the subject property has been continued in force by the district court. As a result of these various pending claims, it appears that there has not been a final judgment as required by Iowa R.App.P. 1(a). Notwithstanding this circumstance, we permit the appeal to be heard under Iowa R.App.P. 1(c) because, we believe, the determination of the issues presented will materially advance the progress of the litigation.

mortgages, if any, is junior and inferior to (a) the vendors' lien of defendants, Donald L. Vos, Robert Eugene Vos, Dorothy M. DeJong, Dean Wayne Vos, and Richard Veenstra; and (b) the mortgage of the defendant, Metropolitan Life Insurance Co. At issue is the relative priority of the mortgages of plaintiff and the defendant bank inter se.

The bank's mortgage was executed and recorded prior to that of plaintiff.[2] Consequently, any indebtedness which it secures would be prior to the lien of plaintiff's mortgage. The district court determined, however, that the bank's mortgage does not secure the present indebtedness owed the bank by the Voses, either jointly or individually. Accordingly, the bank was adjudged to have no security interest in the real estate which is the subject of plaintiff's foreclosure action. Additional facts material to the determination of the legal issues raised on appeal will be considered in connection with our discussion of those issues.

The district court's determination that the bank's May 3, 1975 mortgage does not secure any present indebtedness of the Voses is based upon the court's interpretation of *Farmers Trust and Savings Bank v. Manning*, 311 N.W.2d 285 (Iowa 1981). In *Manning*, we held that open-end advances made by a bank to only one of two mortgagors who jointly owned the mortgaged real estate were not secured by the mortgage. In the present case, the most recent promissory note evidencing the indebtedness of the Voses, or either of them, to the bank was executed May 17, 1983, and was signed only by Wesley G. Vos. As a result of this circumstance, the district court concluded that the indebtedness was not secured by the May 3, 1975 mortgage executed by Wesley G. Vos and Sandra K. Vos jointly.

▮ The bank argues that the district court misapplied the *Manning* case, because none of the indebtedness to it by the

Voses, or either of them, at the time of the lien priority order, was the result of subsequent or open-ended advances under the May 3, 1975 mortgage. The factual premise for the bank's argument appears to be correct. The record reflects without dispute that, when the Voses executed the mortgage to the bank on May 3, 1975, it secured an existing indebtedness of $45,300. The face amount of the mortgage showed security for an indebtedness of $60,000. The open-end advance clause of the mortgage purported to secure additional advances above the face amount of the mortgage of "NONE." For this reason, we agree with the bank's contention that the security of its mortgage is in no way affected by the open-end advance clause. That clause was rendered inoperative from its inception by inserting the word "NONE" in the blank space provided. By executing the mortgage, both Wesley G. Vos and Sandra K. Vos agreed that their property would secure an indebtedness of $60,000 and no more.

The Voses' indebtedness to the bank increased to $57,630 on May 12, 1975. On May 21, 1975, it increased to $117,630. It reached its maximum of $130,630 on August 23, 1975. By July 12, 1979, the Voses' indebtedness to the bank had been reduced to $34,850. Renewal notes evidencing the $34,850 indebtedness were executed by both Wesley and Sandra on August 11, 1981, and April 2, 1982. The next renewal of this indebtedness to the bank occurred on May 17, 1983. This renewal included accrued interest and was evidenced by a promissory note in the sum of $39,007.98 executed by Wesley only. The reason Sandra did not execute that note is not apparent from the record. She did, however, sign a renewal note with Wesley in the sum of $39,007.98 on or about November 13, 1983. That note, although delivered to the lender, was not processed by the bank because its loan committee had voted against

---

**2.** The record indicates that the bank's mortgage was executed by the defendants, Wesley G. Vos and Sandra K. Vos, on May 3, 1975, and was recorded on May 14, 1975. Plaintiff's mortgage was executed by the Voses on August 19, 1980, and was recorded August 25, 1980.

any further extension of the Voses' indebtedness.

■ The rationale under which the *Manning* case was decided is simply not applicable to the facts of the present case. The lender in *Manning* was relying on the open-end or subsequent advance clause of a mortgage to secure subsequent advances which increased the total indebtedness of the borrowers beyond the face amount of the mortgage. In the present case, the bank is claiming under the security of the original mortgage for an amount less than that involved at its inception. Although the Voses have made principal payments exceeding $60,000 in reduction of their indebtedness to the bank, the lender, in the absence of specific directions to the contrary, was entitled to first apply those payments to the unsecured portion of the total indebtedness. *Lumber Supply Inc. v. Hull,* 158 N.W.2d 667 (Iowa 1968); *Whiting v. Eichelberger,* 16 Iowa 422, 430 (1864). Accordingly, the May 17, 1983 principal balance of $39,007.98 plus accrued interest at the contract rate is fully secured by the May 3, 1975 mortgage purporting to secure all indebtedness up to $60,000. The district court erred in concluding that it was not.

■ In arriving at this conclusion, we have considered the arguments advanced by plaintiff that the bank's ledger accounts show that the Voses' indebtedness at times fell to zero during the life of the mortgage. This circumstance, plaintiff urges, necessarily means that any indebtedness to the bank thereafter was a subsequent advance subject to the rule laid down in the *Manning* case. We reject this contention for two reasons. First, because the action was tried in equity, we review the evidence de novo under Iowa Rule of Appellate Procedure 4. In so reviewing the record, we are convinced that those instances where the Voses' ledger account shows a zero balance coincide with simultaneous execution of renewal notes for substantial sums yet owing. That circumstance instantly restored a substantial debit balance to the account. To accept plaintiff's argument on this issue would be to exalt form over substance. Secondly, even if the accounts had been reduced to zero during the life of the mortgage, the mortgage was not released. As a result, subsequent advances by the bank of up to $60,000 in reliance on its recorded mortgage would be secured under the primary convenants of the mortgage without regard to the open-end clause.

■ In addition to the principal and interest secured by the bank's mortgage, the record reflects the bank paid real estate taxes on the mortgaged property in the sum of $4300. Those advances are also secured by the mortgage and are prior to the lien of plaintiff's mortgage. We therefore find and conclude that the bank's mortgage secures (a) an indebtedness of $39,007.98 plus interest on that sum at the contract rate from May 17, 1983, and (b) taxes advanced by the bank of $4300 with interest on that sum at the contract rate from August 8, 1983. The bank's mortgage is prior to plaintiff's mortgage as to all of these sums.

The bank is also entitled to personal judgment against Wesley G. Vos for said sums and for the foreclosure of its mortgage subject to all prior liens. We do not determine whether Sandra K. Vos's personal liability to the bank was extinguished when the last renewal note was signed only by Wesley. We would conclude this was the case except for the fact that Sandra has not appealed and appears to be in default in the district court. The district court shall determine whether the bank is entitled to personal judgment against Sandra following remand of this case to that court.

Because we have determined that the bank's claims are prior to the lien of plaintiff's mortgage, we need not consider its contentions that plaintiff's mortgage is invalid due to defects in its execution. Plaintiff's claims under his mortgage cannot prejudice the rights of the bank under a senior mortgage. The order of the district court from which this appeal was taken is reversed. The case is remanded to that

court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.