# IN THE COURT OF APPEALS OF IOWA

No. 22-0358
Filed April 26, 2023

**NICKOLOUS JEFFERY EARL,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

A postconviction-relief applicant appeals from a partial summary disposition ruling for the State. **APPEAL DISMISSED.**

Martha Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Greer and Badding, JJ.

**BADDING, Judge.**

Nickolous Earl appeals from a partial summary disposition ruling for the State on his application for postconviction relief. We find the ruling was not a final judgment for the purposes of appeal, and we decline to permit an interlocutory appeal. As a result, we dismiss Earl's appeal.

## I.      Background Facts and Proceedings

In August 2019, Earl entered an *Alford* plea[1] to five counts of lascivious acts with a child in exchange for the prosecutor's agreement to recommend suspended sentences on all counts, with argument on whether those sentences should be concurrent or consecutive. Yet at the sentencing hearing, the prosecutor expressed "great concern" with Earl telling the presentence investigator that he was not guilty because those "statements would get him revoked [on probation] and sent to prison." The prosecutor also read a victim impact statement from the mother of two of the victims that requested the "maximum sentence and more."

The district court sentenced Earl to consecutive terms of imprisonment not to exceed five years on each count, for a total indeterminate term of twenty-five years. None of the sentences were suspended. Earl filed a direct appeal, which the supreme court dismissed on motion by the State. After procedendo issued, Earl filed an application for postconviction relief in October 2020 that was later amended by court-appointed counsel.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970) (permitting a criminal defendant to enter a guilty plea without admitting guilt by acknowledging strong evidence of guilt and agreeing to allow the court to consider such strong evidence of guilt in accepting the guilty plea).

The amended application alleged (1) Earl's trial counsel was ineffective for failing to (a) object to the prosecutor's breach of the plea agreement at sentencing, (b) argue that the plea agreement should be followed at sentencing, and (c) object to the prosecutor reading the victim impact statement; (2) appellate counsel was ineffective for "failing to challenge the court's sentence as an abuse of discretion"; and (3) Earl was prejudiced "due to prosecutorial misconduct in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Iowa Constitution Article I Sections 1, 6, 8, 9 and 10" from the prosecutor's breach of the plea agreement in (a) arguing Earl "was denying his guilt in the offense," (b) suggesting Earl "would not be successful on probation," (c) "reading the victim impact statement aloud in the c[o]urt," and (d) soliciting a victim impact statement urging incarceration.  For relief, Earl requested "reversal of his convictions, expungement of the convictions from his criminal record, order for a new trial, a new sentencing hearing[,] and any other relief as may be just and appropriate in these circumstances."

Earl moved for summary disposition in August 2021, arguing the undisputed facts from the plea and sentencing hearing transcripts showed trial counsel was ineffective for not objecting to the prosecutor's breach of the plea agreement.  He did not seek summary disposition of his prosecutorial misconduct or ineffective-assistance-of-appellate-counsel claims.  In response, the State filed its own motion for summary disposition on the claim that the prosecutor breached the plea agreement.  Earl resisted the State's motion and asked to hold the prosecutorial misconduct claim "in abeyance" because a "deposition of the prosecutor and the

victim, to determine whether the prosecutor solicited a victim impact statement urging incarceration" was necessary.

A hearing on the motions was held in October 2021, at which the parties agreed the court could resolve the claim that trial counsel was ineffective for failing to object to the prosecutor's alleged breaches of the plea agreement on summary disposition. They also agreed Earl's claim that the prosecutor committed misconduct by soliciting the victim impact statement urging incarceration was not appropriate for summary disposition. Neither party addressed the ineffective-assistance-of-appellate-counsel claim.

Following the hearing, but before the court's ruling was entered, Earl filed a motion to continue the trial that had been set on his application. The motion asserted that if his request for summary disposition was granted, the "case will be *mostly* resolved." (Emphasis added.) But, Earl contended, if his summary disposition motion was "not granted, [he] will need to do discovery on his remaining claims." Earl's motion to continue the trial was granted.

The district court filed its summary disposition ruling in January 2022. The court adopted the State's arguments in concluding the prosecutor did not breach the plea agreement and, as a result, Earl's trial counsel "was not ineffective for not objecting to the statements made by the State." The court accordingly granted the State's motion for summary disposition and, in doing so, implicitly denied Earl's competing motion. Earl filed a notice of appeal from that ruling.

## II. Jurisdiction

Even though neither party raised the issue, before we can reach the merits of Earl's appeal, we must first decide whether it was improvidently granted. *See*

*River Excursions, Inc. v. City of Davenport*, 359 N.W.2d 475, 477 (Iowa 1984) ("Even though neither party has questioned our jurisdiction to hear and decide this case, we will sua sponte dismiss an appeal that is neither authorized by our rules nor permitted by court order.").

"A party may appeal as a matter of right from '[a]ll final orders and judgments of the district court.'" *Miller v. Drake Univ.*, No. 22-0097, 2022 WL 17826920, at *2 (Iowa Ct. App. Dec. 21, 2022) (alteration in original) (quoting Iowa R. App. P. 6.103(1)). The necessary corollary to this rule "is that parties generally cannot appeal non-final judgments." *Id.* "Ordinarily a summary judgment[2] that is not dispositive of the entire case is not a final judgment for purposes of appeal." *River Excursions*, 359 N.W.2d at 477; *accord Ahls v. Sherwood/Div. of Harsco Corp.*, 473 N.W.2d 619, 621 (Iowa 1991) ("A final judgment is one which conclusively adjudicates *all* of the rights of the parties . . . ." (emphasis added)).

The ruling here was not dispositive of the entire case. Though the district court granted the State's motion for summary disposition, it did not dismiss Earl's postconviction-relief application. At the hearing on their motions, the parties specifically reserved the issue of whether the prosecutor solicited the victim impact statement urging incarceration for trial, agreeing that it was not appropriate for summary disposition. *Cf. Landowners v. S. Cent. Reg'l Airport Agency*, 977 N.W.2d 486, 492 (Iowa 2022) (discussing denial of interlocutory appeal where summary judgment ruling left other claims pending). As a result, the district court's postconviction-relief ruling did not address that issue, and trial was reset after the

---

[2] Summary disposition under chapter 822 (2020) is akin to summary judgment. *See Manning v. State*, 654 N.W.2d 555, 559 (Iowa 2002).

court's ruling was entered. Because the record shows the court intended to act further on the case, we find its ruling granting the State's motion for summary disposition was not final. *See River Excursions, Inc.*, 359 N.W.2d at 477 ("A ruling is not final when the trial court intends to act further on the case before signifying its final adjudication of the issues.").

That does not end our inquiry, however, because our supreme court "has routinely held that appeals improvidently filed as a matter of right may be treated as applications for interlocutory appeal." *Buechel v. Five Star Quality Care, Inc.*, 745 N.W.2d 732, 735 (Iowa 2008); *accord* Iowa R. App. P. 6.108. "As a general rule, however, we sparingly grant interlocutory appeals on this basis. The main factor in determining whether such an interlocutory appeal should be granted is whether consideration of the issues would serve the interest of sound and efficient judicial administration." *Buechel*, 745 N.W.2d at 735–36 (cleaned up); *accord* Iowa R. App. P. 6.104(2).

After considering that factor, and the others listed in rule 6.104(2), we conclude the general rule applies, decline to grant interlocutory appeal, and dismiss the appeal. *See Mason City Prod. Credit Ass'n v. Van Duzer*, 376 N.W.2d 882, 886 (Iowa 1985) ("[O]ur court has traditionally been parsimonious about allowing interlocutory appeals."). This does not mean Earl will be deprived of his right to appeal the court's ruling because, under Iowa Rule of Appellate Procedure 6.103(3), "[e]rror in an interlocutory order is not waived by . . . proceeding to trial." *See id.* at 887 ("Appeal from the final decree will present for review all rulings inhering in that decision."); *accord Workman v. State*, No. 13-0201, 2014 WL 3511740, at *3 (Iowa Ct. App. July 16, 2014) (noting district court's

grant of partial summary disposition was a ruling that inhered in its "final judgment and is a proper subject for review on appeal from that judgment").

**APPEAL DISMISSED.**