# IN THE COURT OF APPEALS OF IOWA

No. 23-0231
Filed January 24, 2024

**BURKLE CO. LLC,**
        Plaintiff-Appellee,

**vs.**

**COPPER KITCHEN, LLC, BESIM MAKSUTOSKI, and ANGELA MAKSUTOSKI,**
        Defendants-Appellants.
_____

        Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin,

Judge.


        Civil defendants appeal an award of attorney fees pursuant to a contract.

**AFFIRMED IN PART AND REVERSED IN PART.**


        Christopher Stewart, Konnor Hodges, and Michael Altes of Gribble, Boles,

Stweart & Witosky Law, Des Moines, for appellants.

        Brett T. Osborn and Emily Douglas Moore of Abbott, Osborn, Jacobs PLC,

West Des Moines, for appellee.


        Considered by Greer, P.J., and Ahlers and Buller, JJ.

**BULLER, Judge.**

This case is a companion to *Burkle Co. LLC v. Copper Kitchen, LLC*, No. 22-1822, 2024 WL _____ (Iowa Ct. App. Jan. 24, 2024), also decided today. That decision affirmed the district court's award of damages to Burkle Co. LLC ("Burkle") on its breach-of-contract claim against Copper Kitchen, LLC and its guarantors, Besim ("Ben") Maksutoski and Angela Maksutoski. The fight here is solely about the district court's order finding Copper Kitchen and the individual guarantors jointly and severally liable to Burkle for $39,910.40 in attorney fees pursuant to the lease agreement. We affirm in part and reverse in part.

We first address whether the attorney-fee issue is correctly litigated under this case number and whether the appeal is timely. In the companion case, we determined the merits of the fee issue would be addressed in this appeal. Here, we note the portion of the district court ruling that ordered attorney fees was not a final ruling because the court simultaneously directed Burkle to file an application in a specific amount. *See River Excursions, Inc. v. City of Davenport*, 359 N.W.2d 475, 477 (Iowa 1984) ("A ruling is not final when the trial court intends to act further on the case before signifying its final adjudication of the issues."). This appeal follows the subsequent petition, hearing, and final ruling on the motion for attorney fees. Copper Kitchen and the personal guarantors filed their notice of appeal within thirty days of that ruling, and we conclude it was both proper and timely.

Turning to the merits, Copper Kitchen and the personal guarantors ask us to decide whether fees were properly awarded and review the fee award itself for reasonableness. "Generally, attorney fees are recoverable only by statute or

under a contract." *Thornton v. Am. Interstate Ins. Co.*, 897 N.W.2d 445, 474 (Iowa 2017) (citation omitted); *see* Iowa Code § 625.22 (2020). We review the district court's legal interpretations for correction of legal error. *Pitz v. U.S. Cellular Operating Co.*, 989 N.W.2d 636, 640 (Iowa 2023). And we review the amount of the attorney-fee award for an abuse of discretion. *GreatAmerica Leasing Corp. v. Cool Comfort Air Conditioning & Refrigeration, Inc.*, 691 N.W.2d 730, 733 (Iowa 2005).

### I.     Did the District Court Err When It Awarded Attorney Fees?

"[A]n indemnity clause in a contract cannot be used to shift attorney fees between the parties 'unless the language of the clause shows an intent to clearly and unambiguously shift the fees.'" *Homeland Energy Sols., LLC v. Retterath*, 938 N.W.2d 664, 708 (Iowa 2020) (quoting *NevadaCare, Inc. v. Dep't of Hum. Servs.*, 783 N.W.2d 459, 471 (Iowa 2010)). *But see Hormel Foods Corp. v. Crystal Distrib. Servs.*, No. 9-2011 EJM, 2011 WL 2118718, at *3 (N.D. Iowa May 27, 2011) (applying *NevadaCare* and finding an indemnity provision applied to disputes between contracting parties when the language contemplated loss caused by one of those parties' acts).

Here, the district court relied on an indemnity clause to find Copper Kitchen liable for Burkle's attorney fees and a personal guaranty to find Ben and Angela jointly and severally liable for the same. The indemnity provision provided that:

> Tenant will indemnify, hold harmless and defend Landlord from and against, and Landlord will not be liable to Tenant on account of, any and all costs, expenses, liabilities, losses, damages, suits, actions, fines, penalties, demands or claims of any kind, including reasonable attorneys' fees, asserted by or on behalf of any person, entity or governmental authority arising out of or in any way connected with (a) a failure by Tenant to perform any of the

agreements, terms or conditions of this Lease required to be performed by Tenant; (b) a failure by Tenant to comply with any laws, statutes, ordinances, regulations or orders of any governmental authority; (c) any accident, death or personal injury, or damage to or loss or theft of property which occurs on or about the Premises or the Shopping Center, except as the same may be the result of the negligence or intentional misconduct of Landlord, its employees or agents; or (d) any risks associated with any so-called "dram shop" liability.

Applying our case law, we cannot affirm the district court's ruling that the indemnity clause required payment of attorney fees. The language of the indemnity provision does not clearly and unambiguously indemnify against disputes between the parties as compared to disputes involving third parties. *See NevadaCare*, 783 N.W.2d at 471; *Hormel Foods Corp.*, 2011 WL 2118718, at *3. And the use of "indemnify, hold harmless and defend" suggests intent to regulate third-party disputes. *See Est. of Pearson ex rel. Latta v. Interstate Power & Light Co.*, 700 N.W.2d 333, 345 (Iowa 2005).

The identical personal guaranties signed by Ben and Angela, however, included different language:

> In consideration of the execution of the Lease by Landlord, at Landlord's request, and on the faith of this Personal Guaranty, . . . the undersigned, a resident of the State of Iowa, does hereby unconditionally and personally guarantee unto Landlord, and its successors and assigns, the payment of the rent and the performance of all the covenants of the Tenants under the Lease and any exercised option period of the Lease; and the undersigned Guarantor shall pay all expenses, including attorney's fees, incurred in enforcing this Personal Guaranty; and the undersigned Guarantor hereby waives notice of any default under the Lease, and agree that his and their liability hereunder shall be joint and several, and shall not be released or affected by any extension of time for payment or by any forbearance or by any waiver or consent by the obligee or by any modifications of the said Lease.

We construe these personal guaranties according to the intention of the parties as shown by "the language employed and the circumstances under which the guaranty is given." *Williams v. Clark*, 417 N.W.2d 247, 251 (Iowa Ct. App. 1987). And we find the plain language of the personal guaranty, as relevant to this appeal, provides the guarantors were personally obligated to (1) pay rent and comply with other lease terms and (2) pay expenses and attorney fees incurred in enforcing the guaranty. The underlying litigation here, described in more detail in the companion case, concerned payment of rent and compliance with other lease terms. Unlike an indemnification provision, there is nothing about the plain language of the personal guaranties that suggests they were intended to regulate third-party interactions rather than conduct between these parties. *Contra NevadaCare*, 783 N.W.2d at 470 (collecting cases on whether indemnification provisions apply only to third parties); *see also Hormel Foods Corp.*, 2011 WL 2118718, at *3 (analyzing whether indemnification language contemplated loss caused by one of the contracting parties).

Ben and Angela seem to concede this plain meaning in the briefing, but still assert we should apply the indemnification clause's third-party limitations to the personal guaranties. This argument glosses over differences between the provisions. Unlike the indemnification provision, the personal guaranties expressly contemplate claims between these parties with their references to "payment of the rent." This distinguishes them from the indemnification language, which is limited to third-party claims. We reject Ben and Angela's argument regarding the personal guaranties.

Because we find the personal guaranties imposed liability for attorney fees on Ben and Angela, while the indemnification language does not impose liability for attorney fees on Copper Kitchen, we affirm the judgment for attorney fees as to the personal guarantors and reverse and vacate the portion of the ruling imposing judgment for attorney fees on Copper Kitchen.

## II. Did the District Court Abuse Its Discretion in Setting the Amount of Fees?

"The district court is considered an expert in what constitutes a reasonable attorney fee, and we afford it wide discretion in making its decision." *GreatAmerica*, 691 N.W.2d at 733. Here, the court ordered payment of $39,910.40 in attorney fees, a significant reduction of Burkle's initial claim for $48,481.00. The reduction tracked detailed findings by the court that denied some of Burkle's claims in motion practice and at trial along with one unitemized entry it found was "block billing." The district court also reviewed billing sheets and rejected Copper Kitchen and the personal guarantors' challenge that more of the claimed fees were block billing or for administrative tasks. On appeal, Copper Kitchen and the personal guarantors argue the award should have been reduced further based on Burkle's partial success and rates charged by Burkle's attorneys, as well as what Burkle maintains are block billing practices and administrative tasks.

Reducing fee claims in light of partial success is not an exact science, and the district court's approach here was reasonable. *See Vaughan v. Must, Inc.*, 542 N.W.2d 533, 541 (Iowa 1996) (noting the district court's wide discretion in this area, as fee reductions are an "equitable judgment"). We also agree with the district court that Burkle's fee claim was sufficiently detailed because each entry

corresponded to understandable tasks and permitted meaningful review. We find no abuse of discretion in awarding attorney fees for administrative tasks the attorneys were necessarily involved in, like filing pleadings and notifying the client of litigation matters. Burkle is correct these tasks generally must be done by counsel or with counsel's close supervision under our rules of electronic procedure and professional conduct. *See* Iowa R. Elec. P. 16.304(2)(a), (b) (on authorization for e-filing); Iowa R. of Prof'l Cond. 32:1.4 (on the attorney's duty to keep the client informed). But even if the tasks at issue were paralegal work (which is not supported by this record), Iowa law—unlike the extra-jurisdictional authority relied on by Copper Kitchen and the personal guarantors—permits attorney-fee claims to include "certain litigation expenses, including the cost of paralegals." *GreatAmerica*, 691 N.W.2d at 732–33. Thus, we find no abuse of discretion in the award.

**AFFIRMED IN PART AND REVERSED IN PART.**