# IN THE COURT OF APPEALS OF IOWA

No. 24-1067
Filed August 20, 2025

**SOUTHWEST IOWA PLANNING COUNCIL,**
        Plaintiff-Appellee,

**vs.**

**RANDALL L. MAIN and CYNTHIA J. MAIN,**
        Defendants-Appellants,
_____

        Appeal from the Iowa District Court for Cass County, James J. Heckerman,

Judge.


        Borrowers appeal the district court's summary judgment order granting

foreclosure on their mortgaged real estate.  **APPEAL DISMISSED.**


        J. Joseph Narmi, Council Bluffs, for appellants.

        Robert J. Engler of Cambridge Law Firm, P.L.C., Atlantic, for appellee.


        Considered without oral argument by Ahlers, P.J., and Badding and

Buller, JJ.

**BADDING, Judge.**

Small-town entrepreneurs Randall and Cynthia Main appeal from an order granting summary judgment to Southwest Iowa Planning Council ("SWIPCO") in a foreclosure that stems from a failed grocery store venture. Because the court's order was not a final judgment, and we decline to permit an interlocutory appeal, we dismiss the appeal.

## I.    Background Facts and Proceedings

The Mains are long-time residents of Griswold, a small town in southwest Iowa. For many years, Griswold did not have a full-service grocery store of its own. So, the Mains decided to open one. They formed the Main Lil' Market, L.L.C. to operate their new business out of a commercial building at 524 Main Street in Griswold. The Mains also owned the neighboring building at 516 Main Street. The latter real estate—which the Mains describe as the "storage building"—is the subject of this foreclosure case.

On February 7, 2014, the Main Lil' Market secured a $109,950 low-interest loan from SWIPCO under a "Business Assistance Revolving Loan Fund Loan Agreement." The Mains agreed to mortgage three properties as collateral: the "grocery store building and all contents," a "rental house" at 410 4th Street,[1] and the "storage building." SWIPCO recorded the mortgages, and the Mains executed a promissory note as owners of the Main Lil' Market.

The Mains' venture was unsuccessful. As they put it to the district court: "Blood, sweat, and tears went into the grocery store, but there was no flow of

---

[1] SWIPCO was a junior lienholder on this property.

customers, and we eventually had to close the store." By the spring of 2016, the Mains had stopped making payments on the loan. In response, SWIPCO began preparing to foreclose. On May 26, 2016, it asked the Mains to execute a "Corrective Promissory Note," "Corrective Business Assistance Revolving Loan Fund Loan Agreement," and "Corrective Mortgage." The Mains complied. Cynthia asserts she did so because a SWIPCO representative told her that signing the documents would "make it go away."

The next day, SWIPCO issued a notice of default and right to cure. When the Mains failed to pay, it accelerated the debt and petitioned to foreclose the mortgage on the grocery store without redemption. The Mains did not appear or respond. So, in June 2017, the district court found the Mains were in default and entered a foreclosure decree, granting an in rem judgment against the property for the outstanding loan balance—$90,516—plus accrued interest, late charges, costs, and attorney fees.[2] SWIPCO bought the property at a sheriff's sale, sold it to a third party, and auctioned off the contents of the grocery store.[3]

---

[2] Around this same time, the senior lienholder on the rental property started foreclosure proceedings in a different case on its mortgage. That property is not at issue here.

[3] Both parties asked the district court to take judicial notice of the file from the foreclosure on the grocery store—Cass County Case No. EQCV025323. The record does not show whether the court granted their request. The only documents from that case that were mentioned in the court's summary judgment ruling were exhibits to SWIPCO's motion in this case. Those documents do not, however, tell us how much SWIPCO paid for the grocery store at the sheriff's sale. *Cf. Brenton State Bank v. Tiffany*, 440 N.W.2d 583, 588 (Iowa 1989) (stating that when a creditor who obtained a judgment in rem against real estate "bid at the sheriff's sale, its judgment became satisfied to the full extent of its bid"). And the parties do not ask us to take judicial notice of the grocery store foreclosure file on appeal. *See State v. Washington*, 832 N.W.2d 650, 655–56 (Iowa 2013) ("[T]he general rule is that it is not proper for the court to consider or take judicial notice of the records of the same court in a different proceeding without an agreement of

Half a decade passed.  The Main Lil' Market, L.L.C. was administratively dissolved, and the Mains moved on with their lives.  According to their affidavit in resistance to summary judgment, the Mains "were under the impression that the note associated with the properties had been satisfied in full."  The Mains allege "SWIPCO went radio silent" during this period, with no communication about an outstanding balance on their note.  Meanwhile, the Mains continued to pay property taxes on the storage building and undertook "extensive renovations."

In January 2023, SWIPCO notified the Mains of its intent to pursue its "dormant claims regarding [their] outstanding debt."  According to its letter, SWIPCO had previously declined to pursue foreclosure "because the costs of collecting the outstanding balance were beyond what [it] believed would be possible to recover," considering the property was assessed at only $8451.  But SWIPCO contended that it was prompted to action after the city raised concerns about the property's condition.[4]  Following unsuccessful attempts to resolve the dispute, SWIPCO served a notice to cure the default on May 23, 2023, demanding an outstanding balance of $123,569.

In October 2023, SWIPCO petitioned to foreclose on the storage building at 516 Main Street.[5]  This time, the Mains answered, denying several of SWIPCO's allegations.  A few months later, SWIPCO moved for summary judgment, asking

---

the parties." (citation omitted)); *see also State v. Gale*, 21 N.W.3d 151, 156 (Iowa 2025) (accepting the parties' invitation on appeal to take judicial notice of an order in a different case).

[4] The Mains assert that SWIPCO's unstated motive for reviving its collection effort was to oust them from their building so that it could be acquired by a neighboring business owner.

[5] SWIPCO's petition named several other defendants as putative interest-holders. None of those parties answered, and they are not part of this appeal.

the district court to grant their petition and enter a judgment of over $125,000 against the property. The Mains resisted, arguing: (1) the corrective loan documents were unenforceable for lack of consideration; (2) fact questions remained as to the extent of the outstanding debt following the 2017 foreclosure on the grocery store; and (3) equitable principles prevented SWIPCO from seeking foreclosure after a five-year delay. In an exhibit filed after the summary judgment hearing, but considered by the court without objection, SWIPCO contended that it had only received $7845.60 from the sale of the grocery store property to a third party, plus $1521 from the auction of the store's contents.

The district court rejected the Mains' various legal and equitable defenses. It found no dispute "that there is a mortgage on the real estate" and observed that the Mains raised "no argument that the default does not exist." The court therefore granted SWIPCO's motion "on the issue of foreclosure," but it reserved determination of the judgment in rem for later hearing. The Mains appeal, arguing summary judgment was improper for the same reasons they raised to the district court.

## II. Jurisdiction

A threshold question—raised by neither party—is whether we have jurisdiction over this appeal. "[A]n appellate court has responsibility *sua sponte* to police its own jurisdiction." *Vasquez v. Iowa Dep't of Hum. Servs.*, 990 N.W.2d 661, 667 (Iowa 2023) (citation omitted). Only a final judgment may be appealed as a matter of right. *River Excursions, Inc. v. City of Davenport*, 359 N.W.2d 475, 477 (Iowa 1984); Iowa R. App. P. 6.103(1). "A final judgment is one which conclusively adjudicates all of the rights of the parties and places it beyond the

power of the court to return the parties to their original positions." *Ahls v. Sherwood/ Div. of Harsco Corp.*, 473 N.W.2d 619, 621 (Iowa 1991). "Judgments and orders that are not final may be appealed only if permission is granted by this court." *River Excursions*, 359 N.W.2d at 477.

The Mains appeal the district court's order finding SWIPCO was entitled to foreclosure but reserving for later determination the extent of the judgment against the property and entry of a foreclosure decree. This is not a final order. *See id.* ("Ordinarily a summary judgment that is not dispositive of the entire case is not a final judgment for purposes of appeal."). Although it resolved several defenses asserted by the Mains, the court stopped short of determining the outstanding balance of the secured debt—including the amount to be credited from the 2017 foreclosure, which the Mains dispute on appeal. The statute is clear that a foreclosure proceeding is not complete until the court "[r]ender[s] judgment for the entire amount found to be due." Iowa Code § 654.5(1)(a).

In an analogous case, the supreme court held that an order granting a creditor partial summary judgment on several promissory notes but leaving other issues open for trial was not appealable as of right:

> [T]he issues resolved by partial summary judgments are inextricably entwined with unresolved issues. . . . Moreover, the terms which will be included in an appropriate decree of foreclosure will depend on which defendants are liable, whether their liability is primary or secondary on each note, and what credits should be allocated to each note.

*Mason City Prod. Credit Ass'n v. Van Duzer*, 376 N.W.2d 882, 885 (Iowa 1985) (rejecting the defendants' argument that the issues resolved at summary judgment were "distinct and separable from the undecided claims"); *see also Van*

*Dusseldorp v. State Bank of Bussey*, 395 N.W.2d 868, 869 n.1 (Iowa 1986) (observing an order fixing priority of liens was not a final order where no foreclosure decree had entered); *Sovereign Bank v. Varner*, No. 12-1454, 2013 WL 988888, at *2 (Iowa Ct. App. Mar. 13, 2013) (noting the supreme court denied the estate's attempted interlocutory appeal of a summary judgment order issued before a foreclosure decree was entered).

Because the record shows that the district court intended to act further, we conclude that its order granting SWIPCO's summary judgment motion was not final. *See River Excursions*, 359 N.W.2d at 477 ("A ruling is not final when the trial court intends to act further on the case before signifying its final adjudication of the issues."). Although we could grant permission for this appeal to proceed under our rules of appellate procedure, the supreme court "has traditionally been parsimonious about allowing interlocutory appeals." *Van Duzer*, 376 N.W.2d at 886; *see also* Iowa R. App. 6.151(1). "The main factor in determining whether such an interlocutory appeal should be granted is whether consideration of the issues would serve the interest of sound and efficient judicial administration." *Buechel v. Five Star Quality Care, Inc.*, 745 N.W.2d 732, 735 (Iowa 2008).

After considering that factor, and the others listed in rule 6.104(2), we conclude the general rule against granting interlocutory appeals applies. *See Van Duzer*, 376 N.W.2d at 886–87 (declining to grant interlocutory appeal because "we might well have to decide one or more later appeals of issues not yet addressed by the district court"). We accordingly dismiss the Mains' appeal. This does not mean they will be deprived of their right to appeal, however, because an "[a]ppeal from the final decree will present for review all rulings inhering in that decision."

*Id.*; *see also* Iowa R. App. P. 6.103(4); *Freedom Fin. Bank v. Est. of Boesen*, 805 N.W.2d 802 (Iowa 2011) (considering an appeal from a district court's "summary judgment order, its foreclosure decree, and its supplemental order").

**APPEAL DISMISSED.**