STATE of Iowa, Plaintiff–Appellee,

v.

**Michael A. BARTNICK,**
**Defendant–Appellant.**

No. 87–1104.

Court of Appeals of Iowa.

Dec. 22, 1988.

Raymond Rogers, Acting Chief Appellate Defender and James F. Whalen, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Christie J. Scase, Charles N. Thoman, Asst. Attys. Gen., and Thomas Gustafson, Crawford County Atty., for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

OXBERGER, Chief Judge.

The defendant, Michael Bartnick, appeals from his jury trial where he was convicted of two counts of first-degree murder for his role in the fatal shootings of the wife and daughter of Magistrate Arlo Schoenfeld at a farmhouse near Charter Oak in June 1986. Barnick contends that the trial court erred: first, in admitting an exhibit that was more prejudicial than probative; and second, in ordering that the defendant be shackled during trial and positioned with a guard on each side of him. Our scope of

review is for the correction of errors at law except, however, when constitutional issues are raised, our review is of the totality of the circumstances. We affirm.

■ The defendant first contends that the trial court abused its discretion by admitting into evidence a letter written by him. Defendant specifically asserts that the signature portion, which includes a reference to "Satan's Dog Soldiers" and the number "666" was highly prejudicial and inadmissible as evidence of character under Iowa Rule of Evidence 404(a).

Prior to the presentation of this exhibit, the defendant filed a motion in limine on the ground of relevance and that the evidence was more prejudicial than probative. Following consideration of the arguments of counsel, the trial court overruled defendant's motion as to portions of the letter which constituted admissions, ordering that the balance of the letter be deleted. The exhibit as admitted at trial is:

Say Murphy

... that Judges family was blown away....

Oh I had that Judges family killed. I didn't do it. The killing, that is, but I got people out their that when I tell them something they do it....

You know who

666

Satan's Dog Soldiers

13

½%.

On appeal, the defendant renews his relevancy objection and his objection that the prejudicial effect of the evidence outweighs its probative value. The defendant raises a new objection that the evidence is inadmissible under Iowa Rule of Evidence 404(a) as the signature portion suggests adherence to satanic principles.

Iowa Rule of Evidence 403 provides that evidence which is otherwise relevant may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. The admissibility of evidence is a matter within the discretion of the trial court. *State v. Ellis,* 350 N.W.2d 178, 180 (Iowa 1984) (citing *State v. Chadwick,* 328 N.W.2d 913, 917 (Iowa 1983)).

The State's purpose for presenting exhibit 45–A was as a confession by the defendant that he committed the crime in question. The State had a handwriting expert testify that the defendant authored the letter. Further, the portion of the signature line which reads "666" is relevant to establish authorship. The defendant has the numbers "666" tatooed on his forearm. The probative value of this information is increased by the fact that the defendant denied writing the letter. While the signature portion may be considered to be prejudicial to the defendant, we find the probative value to outweigh any prejudice. Therefore, we find the exhibit as admitted to be relevant. We find no abuse of discretion in its admission.

Defendant also asserts that the signature portion suggests adherence to satanic principles and as such is inadmissible character evidence under Iowa Rule of Evidence 404(a). The defendant did not raise this argument in his motion in limine of exhibit 45 or in the argument in support of such motion, but raises this argument for the first time on appeal. As such, we find that defendant did not properly preserve error on this ground. Iowa Rule of Evid. 103(a)(1). We find substantial evidence to support the trial court's ruling on defendant's motion in limine.

■ The defendant also assigns error to the district court for ruling that he be shackled during trial and positioned with a guard on each side of him. He urges the use of such unusual security measures tends to nullify the presumption of innocence and interfered with his constitutional right to participate in his trial and to consult freely and confidentially with counsel.

The decision to impose physical restraints upon a defendant during trial lies within the informed discretion of the district court and will not be disturbed on appeal absent a clear showing of abuse of discretion. *State v. Wilson,* 406 N.W.2d 442, 449 (Iowa 1987). Shackling a defendant may be justified despite the fact that some prejudice will occur. *Id.* (citing *Illi-*

*nois v. Allen,* 397 U.S. 337, 344, 90 S.Ct. 1057, 1061, 25 L.Ed.2d 353, 359 (1970)). As a procedural matter, the district court, preferably before the trial begins, should place in the record in the presence of the defendant and counsel the reasons for shackling and give them an opportunity to make their objections known. *State v. Wilson,* 406 N.W.2d at 449–50. The burden is on the State to show the necessity for physical restraints. *Id.* at 449.

At the pretrial conference the court addressed the State's request for security precautions. The court expressly requested the presentation of evidence and argument on the issue. The State presented evidence of threats made by the defendant to the prosecutor and other court and jail personnel, evidence of disturbances by the defendant while being held in the Buena Vista County Jail and testimony of the Woodbury County sheriff's deputy concerning allegation that the defendant had recently confided in another inmate his intent to harm the jailer when he got out to go to court. While defense counsel expressed concern as to the appearance security measures might indicate to the jury, defense counsel agreed that some form of security might be necessary.

The trial court in its ruling on the issue of security found the defendant to be a potential security risk based on his past destructive behavior while in custody, his statements implying escape, and his threats of harm to others. The court offered a preliminary instruction for the jury, informing jury members that restraint of the defendant in the courtroom should not be considered to effect the presumption of defendant's innocence. The trial court, at all times throughout the trial, took special steps to ensure the defendant was seated before the jury entered the courtroom and the defendant was not forced to move when the jury was within eyesight. The court even cleared the courtroom before having the defendant take the witness stand to testify. In light of these precautions in addition to the need for security, we fail to find error in the trial court's ordering the defendant to be shackled.

The defendant also complains that the physical setup kept him from participating in his trial and from consulting with counsel. The defendant, for the purposes of voir dire, was seated at the end of a long table and was flanked by two guards. Defense counsel were seated at the other end of the table. Defense counsel complained it would be difficult to meaningfully converse with the defendant at this distance. However, the trial judge repeatedly noted counsel could sit next to the defendant but chose to sit at the other end of the table. We fail to find error in the physical arrangement of the security measures.

We fail to find error in the trial court's denial of defendant's motion in limine. We further fail to find error in the trial court's order requiring security measures.

AFFIRMED.