# IN THE COURT OF APPEALS OF IOWA

No. 13-0201
Filed July 16, 2014

**ALVIN WORKMAN,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.

_____

　　Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson, Judge.

　　Alvin Workman appeals the denial of his application for postconviction relief. **AFFIRMED.**

　　Mark C. Smith, State Appellate Defender, and Steven J. Japuntich, Assistant Appellate Defender, for appellant.

　　Alvin Workman, Rockwell City, pro se appellant.

　　Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, John P. Sarcone, County Attorney, and Stephan Bayens, Assistant County Attorney, for appellee.

　　Considered by Vaitheswaran, P.J., Bower, J., and Miller, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

Alvin Workman appeals the denial of his application for postconviction relief (PCR). He contends his trial and appellate counsel rendered ineffective assistance. In a pro se brief, Workman raises the same issues but argues additional facts. We review these claims de novo. *See Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010) (noting that although the denial of PCR is reviewed for errors at law, we review an alleged denial of a constitutional right de novo).

Workman was charged with and convicted of possession of a controlled substance with the intent to deliver, failure to possess a tax stamp, and possession of a controlled substance, following a March 8, 2004 search of his residence. The first issue on appeal concerns the issuance of the warrant that authorized that search. Workman alleges his attorneys were ineffective in failing to contest what he characterizes as "misstatements of fact (implicating prosecutorial misconduct) and stale, unverifiable information included in the warrant application."

The 2004 application for a search warrant included the typewritten affidavit of Urbandale Police Department Detective Don Simpson. It states that on March 8, 2004, the detective "received information from an anonymous concerned citizen, who also wished to remain confidential." The word "anonymous" was lined out. A later reference to "the anonymous concerned citizen" similarly had the word "anonymous" lined out.

Workman's trial counsel, Richard Bartolomei, filed a motion to suppress the evidence seized from Workman's residence, alleging the search warrant

application contained "material falsehoods and omissions." The motion alleged that contrary to Detective Simpson's representations, "the information was NOT received from a concerned citizen who had identified themselves [sic] to law enforcement or were known to law enforcement, but who wished to remain confidential. The caller never identified themselves and was in fact, anonymous." The district court granted the motion to suppress. However, on discretionary review, this court held the district court applied an incorrect legal standard, reversed the grant of the motion to suppress, and remanded the case to the district court. *See State v. Workman* (*Workman I*), No. 05-0052, 2006 WL 228950, at *3 (Iowa Ct. App. Feb. 1, 2006). On remand, the district court denied the motion to suppress after determining the caller should be categorized as an informant, not a concerned citizen, but that the information provided by the informant was credible.

On May 12, 2006, it was learned that although Detective Simpson advised the court issuing the warrant that the statements contained in the application were his own, an assistant county attorney had reviewed the application and crossed out the word "anonymous." Workman's new trial counsel, Jason Shaw, moved to reopen the record on the motion to suppress based upon this newly discovered evidence. The motion was denied.

Paul Rosenberg represented Workman on direct appeal and argued the district court erred in denying the motion to reopen the record. This court noted that the district court had "found the information provided by the informant was credible, based on the information provided by other sources and set forth in the

application."[1] *State v. Workman* (*Workman II*), No. 06-1982, 2008 WL 4531409, at *3 (Iowa Ct. App. Oct. 1, 2008). This court noted that the district court had "determined there was probable cause for the search warrant based on the information provided by the caller [who spoke to Detective Simpson], not based on an aura of credibility given to the caller due to a designation as a concerned citizen." *Id.*

Workman filed a PCR application on February 11, 2009, alleging in part that his trial counsel were ineffective in failing to raise the issues of "false information that was included in the warrant application" and "possible prosecutorial misconduct" by the assistant county attorney, who lined out the word "anonymous" in Detective Simpson's affidavit. The PCR court determined that the question of false information on the warrant application was raised and fully litigated before the trial court. With regard to the question of prosecutorial misconduct, the court found Workman's attorneys "exercised reasonable professional judgment and determined that raising a claim of prosecutorial misconduct based on the facts alleged was completely baseless." The court

---

[1] An attachment incorporated into the application recited that Workman had been arrested for drug offenses in 1989, 1998, 2001, 2003, and December 2003. The attachment also included information that in July 2003, two arrestees had told police of recent drug possession and dealing by Workman; in November 2003, a confidential informant had told police that Workman was then involved in the manufacture and sale of methamphetamine, the informant had seen Workman manufacture methamphetamine in the bathroom of his apartment, and the informant had seen a large quantity of methamphetamine at Workman's apartment; and in December 2003 and January 2004, a police officer had monitored two telephone calls between another confidential informant and Workman, in the first of which they discussed the confidential informant purchasing a large quantity of methamphetamine from Workman, and in the second of which Workman arranged to sell one pound of methamphetamine to the confidential informant.

determined "there is no reasonable probability that had the issue of prosecutorial misconduct been raised, the outcome of the trial would have been different."

After reviewing the record, we agree Workman is unable to show he was prejudiced by any failure of counsel. Following remand, the trial court treated the anonymous caller as an informant; discussed at length not only the information provided by the caller and the bases for the caller's knowledge, but also the corroborating information set forth in the application; and found the information the informant provided was credible. On direct appeal, this court agreed that Detective Simpson's testimony regarding the assistant county attorney striking the word "anonymous" from the warrant application "would not change the court's conclusions in this case because the court's decision was not based on the designation of the caller as a concerned citizen." *Workman II*, 2008 WL 4531409, at *3. Therefore, even if we were to find prosecutorial misconduct occurred, Workman is unable to show the outcome would have been different.[2]

Workman also contends his counsel were ineffective in failing to challenge the district court's determination regarding the need for a restraint and for failing to order him to wear his restraint beneath his clothing. This issue arose when Workman threatened to assault his counsel during a deposition that occurred shortly before trial. Noting that Workman would become very agitated and aggressive when something upset him, a judge ordered Workman to attend trial

---

[2] While we need not consider Workman's argument regarding staleness of the other information contained in the warrant application, we note that the information provided in the warrant suggests an ongoing or continuous criminal act and therefore "the passage of time is less problematic because it is more likely that these activities will continue for some time into the future." *See State v. Gogg*, 561 N.W.2d 360, 367 (Iowa 1997).

in a restraint. A different judge presided over the trial. When that judge inquired about the use of a restraint, attorney Shaw described what had led the judge to order the use of a restraint, but informed the trial judge that he did not fear for his safety. Shaw stated his concern that a chain around Workman's waist was visible, but noted that Workman had been asked to place the chain under his shirt and had refused. The court responded, that the decision to leave the chain visible was "[h]is choice."

Our supreme court has outlined the law regarding the imposition of physical restraints on a defendant during trial:

> The decision to impose physical restraints upon a defendant during trial lies within the informed discretion of the district court and will not be disturbed on appeal absent a clear showing of abuse of discretion. Shackling a defendant may be justified despite the fact that some prejudice will occur. As a procedural matter, the district court, preferably before the trial begins, should place in the record in the presence of the defendant and counsel the reasons for shackling and give them an opportunity to make their objections known. The burden is on the State to show the necessity for physical restraints.

*State v. Bartnick*, 436 N.W.2d 647, 648-49 (Iowa 1988).

Workman first alleged the district court failed to make an independent determination regarding the necessity of the restraints, and trial, appellate, and PCR counsel were ineffective in failing to raise the issue. Workman raised this issue on direct appeal, arguing the court denied him a fair trial because he was required to appear in shackles. This court found the record insufficient to address the issue because there is "no record of what, if any, restraints were used at trial. Furthermore, we are unable to discern a specific ruling on this issue." *Workman II*, 2008 WL 4531409, at *4. In his amended PCR application,

counsel raised the issue, arguing, "Shaw failed to make record on the physical restraints Mr. Workman endured in the presence of the jury. By failing to do so, Shaw failed an essential duty, and Mr. Workman was prejudiced as a result of said failure."

In *Workman II*, this court preserved for a possible postconviction action a pro se claim by Workman that counsel rendered ineffective assistance by not raising the issue of the need for a restraint and the trial court not ordering him to wear it beneath his clothing. *Id.* Workman's application for postconviction relief raised claims of ineffective assistance of trial and appellate counsel, including the issue regarding a restraint. The PCR court granted the State's motion for summary judgment on Workman's claim regarding the use of a restraint. It denied summary judgment as to the other claims, and they proceeded to trial and a final judgment denying the remaining claims.

The PCR trial court's grant of partial summary judgment disposed of only one of Workman's ineffective assistance claims, and was thus an interlocutory ruling, not a final judgment for purposes of appeal. *Suss v. Schammel*, 375 N.W.2d 252, 254 (Iowa 1985); *River Excursions, Inc. v. City of Davenport*, 359 N.W.2d 475, 477 (Iowa 1984). As such, that ruling inheres in the PCR court's final judgment and is a proper subject for review on appeal from that judgment. *See Mason City Prod. Credit Ass'n v. VanDuzer*, 376 N.W.2d 882, 887 (Iowa 1985) ("Appeal from the final decree will present for review all rulings inhering in that decision."); *see also* Iowa R. App. P. 6.103(3) ("Error in an interlocutory order is not waived by . . . proceeding to trial."). Workman does not assert that

the district court in the PCR action erred in granting summary judgment on his claim of ineffective assistance regarding the use of a restraint. Otherwise stated, he makes no claim that the PCR trial court erred in finding there was no genuine issue as to any material fact on that claim, or that the court erred in concluding the State was entitled to judgment as a matter of law on it. *See* Iowa R. Civ. P. 1.981(3) (setting forth the standard for granting a motion for summary judgment). Thus, no ineffective-assistance issue regarding the use of a restraint is properly before us in this appeal. Furthermore, even if we were to consider the merits of such a claim, given the overwhelming evidence of his guilt, Workman is unable to demonstrate any prejudice by the use of a restraint or counsel not pursuing such an issue.

**AFFIRMED.**